635 So.2d 570 (1994)
Jane DUGAS, Appellant,
v.
ROSARY HOUSE, Appellee.
No. 93-42.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*571 Brian Gabriel Comeaux, Lafayette, for Jane Dugas.
Julian Louis Gibbens, New Iberia, for Rosary House.
Before DOUCET and THIBODEAUX, JJ., and BERTRAND[*], J. Pro Tem.
DOUCET, Judge.
This is a workers' compensation case. The plaintiff, Jane Dugas, appeals the June 2, 1992 judgment of the administrative hearing officer denying her claims for workers' compensation benefits, penalties, and attorney's fees. Mrs. Dugas filed a claim with the Office of Workers' Compensation (OWC) on August 29, 1989, claiming she was injured on June 2, 1989, when she picked up a vacuum cleaner while in the course and scope of her employment with the defendant, Rosary House, Inc. (Rosary House). The OWC recommended the plaintiff receive temporary total benefits from July 8, 1989, until she was physically able to return to work. The plaintiff accepted the recommendation.
The defendant made no response.[1] Based upon the defendant's failure to notify the OWC of its rejection of the recommendation with 30 days, the OWC issued a certificate of acceptance of the recommendation on November 6, 1989. Thereafter, the defendant failed to pay any compensation. The plaintiff then filed suit in district court to have the recommendation enforced by way of a motion for summary judgment filed September 11, 1990. Plaintiff's motion was granted and the trial court rendered judgment on December 28, 1990, awarding payments of temporary total disability from July 8, 1989, through July 17, 1989, and attorney's fees. Defendant petitioned the OWC to re-open the case to have the matter reconsidered pursuant to LSA-R.S. 23:1331.[2] The defendant's motion was eventually granted and a hearing was held before an administrative hearing officer on August 5, 1991. By judgment signed June 2, 1992, the hearing officer ruled in favor of the defendant, dismissing plaintiff's claims for weekly disability benefits. The hearing officer orally denied plaintiff's claims for penalties and attorney's fees. The hearing officer reserved judgment on plaintiff's *572 claims for medical expenses. Plaintiff appeals.

DETERMINATION OF DISABILITY
The major contested issue on appeal is whether the plaintiff's disability terminated on July 17, 1989, or continued beyond that date. Plaintiff asserts as error the trial court's determination that she is not entitled to workers' compensation benefits. Plaintiff argues the medical evidence shows she was temporarily and totally disabled through November 5, 1990. Alternatively, she argues she is entitled to supplemental earnings benefits (SEB). The issue for review is whether the evidence shows plaintiff's condition rendered her either temporarily totally disabled (TTD) or unable to earn 90% of her pre-injury wages such as to make her entitled to benefits. Finding no manifest error, we affirm the judgment of the hearing officer.
The trial court gave the following oral reasons for judgment:
I reviewed the deposition of Dr. Cobb, the deposition of Dr. LaFleur and the deposition of Dr. Lewellyn [sic] LaSalle

* * * * * *
And based upon my review of those recommendations, it's the Court's finding that this claimant is not temporarily totally disabled. The doctors' depositions indicate to me that while the claimant is unable to perform the duties of some positions that might require repetitive stooping, standing, sitting, bending, I think more than one (1) of the physicians said that she is not disabled from light duty. I think in the cross-examination by Mr. Gibbens, he specifically askedand I think it was Dr. Cobbthis questionno, no, no. It was Dr. LaSalle, I believe, this questionhe was the physician who gave her the two (2) slips that said she was disabled, and he went on to expound upon what he meant by that disability certificate. And in cross-examination, he said she's only disabled from everything except light duty. So, to me, that doesn't mean that she's entitled to TTD benefits. He further went on to say that she could engage in the duties of her position, and I think Mr. Comeaux specifically described, "What if she's stocking inventory of a light nature," and he said, "Well, if it's of a light nature, I don't see any reason why she could not continue to do that job." And I think that this position of the Court is buttressed by the fact that even after the incident, after the date of the incident on which the claimant claims the alleged accident occurred, she continued to perform the duties of her position. For four (4) days after she claims the injury occurred, she did inventory.
So I think that the claimant has failed to sustain the burden of proving that she is disabled to the extent that she is unable to engage in any gainful occupation for wages or in any other self-employment. So for that matter, I'm going to render judgment in favor of the defendants [sic] and against the claimant with prejudice and at the claimant's cost.
This court in Pollock v. Louisiana Insurance Guaranty Association, 587 So.2d 823, 825 (La.App. 3 Cir.1991), previously stated the appropriate standard of review in workers' compensation cases as follows:
The finding of disability within the framework of the worker's compensation law is a legal rather than purely medical determination. Manson v. City of Shreveport, 577 So.2d 1167 (La.App. 2nd Cir. 1991). Therefore the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Id.

Ultimately, the question of disability is a question of fact. Latiolais v. Home Ins. Co., 454 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 460 So.2d 610 (La.1984). Accordingly, an appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless clearly wrong. Therefore reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989). Such deference to the findings of a trial court with regard to facts and credibility apply to worker's compensation cases. Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985). (emphasis our own)
*573 After a thorough review of the record, including the medical records and depositions entered into evidence, we conclude that the trial court's factual findings are not clearly wrong.
Plaintiff, in her brief filed before this court, alleges that the trial court erred in failing to award supplemental earnings benefits (SEB).
In order to be successful in a claim for SEB benefits, the plaintiff must prove by a preponderance of the evidence that her work-related injury rendered her unable to earn 90% of her pre-injury wages. LSA-R.S. 23:1221(3). Barton v. Wausau Ins. Co., 545 So.2d 1248 (La.App. 2 Cir.1989). An SEB claim based upon the assertion that solely as a consequence of substantial pain claimant is unable to perform the work offered must be established by clear and convincing evidence. LSA-R.S. 23:1221(3)(c)(ii).
At the hearing, Mrs. Dugas testified that her duties at the Rosary House included dust mopping the floors, restocking and cleaning the shelves, vacuuming the floor once a week, and customer sales. She further stated that, following the accident, she asked for light duty work. It is her position that the work assigned was not light duty work and that she was not able to perform the assigned tasks. Mrs. Dugas reported to work approximately eight more times before discontinuing her employment at the Rosary House. Mrs. Dugas contends that her back pain eventually prevented her from returning to work. Plaintiff's daughters corroborated plaintiff's testimony as to her inactivity. Mrs. Dugas has not sought other employment since leaving the defendant's employment.
The medical evidence is in contrast to plaintiff's testimony. All of the medical testimony in the record indicates Mrs. Dugas is capable of light duty employment. Mrs. Dugas was initially treated by Dr. Lasalle, a general practitioner, who testified that she was disabled only from any work other than light duty work. Dr. Cobb, an orthopedic surgeon who evaluated the plaintiff from July 26, 1989 through December 10, 1990, stated that based upon an interpretation of a CT scan she had received which stated she had two abnormal discs, he believed her problems were disc-related. However, he also testified that while he would recommend she modify her activities, she would be able to perform light to light/medium work.
The testimony of the owner of the Rosary House and three of its employees reveal that the duties Mrs. Dugas was required to perform were light duty in nature. Further, the fact that three long-term employees of the defendant are handicapped indicate to us the defendant's willingness to accommodate their employees' physical limitations.
We find the trial court's determination that the plaintiff is not entitled to weekly benefits is supported by the evidence and is not clearly wrong.
Plaintiff additionally claims the trial court erred in failing to award penalties and attorney's fees.
Having found that the plaintiff is not entitled to benefits, we cannot say the hearing officer erred in finding the defendant was not arbitrary and capricious.
For the foregoing reasons, we affirm the judgment of the hearing officer. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Defendant claims the recommendation was timely rejected. The OWC denies receiving a rejection and pursuant to LSA-R.S. 23:1310.1 issued the certificate of acceptance.
[2] The record also contains a petition dated November 21, 1990, and filed by the plaintiff with the OWC.