657 So.2d 449 (1995)
Horace P. COMEAUX, Plaintiff-Appellant,
v.
SAM BROUSSARD TRUCKING, et al., Defendants-Appellees.
No. 94-1631.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*451 Edward J. Milligan, Jr., Lafayette, for Horace P. Comeaux.
Kelann Etta Larguier, Metairie, for Sam Broussard Trucking.
Before LABORDE, WOODARD and AMY, JJ.
AMY, Judge.
Horace Comeaux (hereafter claimant) was employed as a truck driver with Sam Broussard Trucking (hereafter employer) on December 2, 1991, when he slipped, lost his balance, and landed on his buttocks while unloading a five gallon can of hazardous materials during a truck run for his employer. The claimant maintains that he sustained injuries to his lower back and neck, and broke his dentures when he slipped. Claimant began receiving weekly temporary total disability benefits from the date of his injury until November 9, 1992, when defendants ceased paying benefits because claimant had been released to return to light duty work by the physician who was treating him. On November 26, 1993, claimant filed a claim against his employer and his employer's worker's compensation insurer to reinstate worker's compensation benefits. Claimant also sought statutory attorney's fees and penalties, contending that defendants had arbitrarily and capriciously terminated benefits.
On September 8, 1994, the hearing officer denied claimant's request for compensation benefits, attorney's fees, and penalties. Claimant timely perfected this appeal, asserting the following assignments of error:
1) The hearing officer erred in determining that claimant had de facto chosen Dr. Clifton Shepherd to be his treating physician by failing to specify a choice of orthopedist.
2) The hearing officer erred in deciding that defendants were not responsible for further medical treatment by Dr. Louis C. Blanda.
3) The hearing officer erred in determining that claimant had failed to prove by clear and convincing evidence that he was entitled to temporary total disability benefits.
*452 4) The hearing officer erred in determining that claimant had failed to prove by clear and convincing evidence his entitlement to supplemental earning benefits.
5) The hearing officer erred in deciding that defendants were not arbitrary and capricious in denying claimant's claim for attorney's fees and penalties.

DE FACTO SELECTION OF TREATING PHYSICIAN
Under La.R.S. 23:1121(B), an employee who is covered under the worker's compensation act has the right to choose one physician in any field or specialty and the treatment will be paid for by the employer or its compensation insurer. After this selection is made, the employee must obtain the employer's consent to receive treatment at the expense of the employer or its insurer from another physician in that same field or specialty. Guillotte v. Dynamic Offshore Contractors, 628 So.2d 234 (La.App. 3 Cir. 1993). In the instant case, the hearing officer determined that claimant had de facto chosen Dr. Clifton Shepherd as his treating physician and that claimant was not entitled to receive treatment from Dr. Louis Blanda at defendants' expense. Claimant maintains that the hearing officer erred in finding that Dr. Shepherd was his de facto choice of a physician.
Dr. Clifton Shepherd, an orthopedic surgeon, first saw claimant on January 23, 1992. Claimant complained of pain in his back that extended into his left leg and pain on both sides of his neck. Dr. Shepherd examined claimant and found no muscle spasms in his back or neck; moreover, a neurological exam of claimant's back and neck was normal. X-rays revealed arthritic changes throughout the back and lower part of the neck. Dr. Shepherd diagnosed claimant's injuries as a neck and back strain and concluded that he had some generalized arthritic changes in his neck and back. Dr. Shepherd treated claimant conservatively, recommending physical therapy four times a week and prescribing anti-inflammatory medicine.
Since claimant's complaints persisted after months of treatment, Dr. Shepherd had a CT scan and MRI of both the lumbar and cervical spine conducted on July 20, 1992. These tests revealed a spur at the left side of the L5-S1 level and spurs at the right side of two levels in claimant's neck. The spurs were indicative of arthritis. Dr. Shepherd concluded that claimant's complaints of pain were not consistent with the MRI and CT scans and he released claimant to engage in light-duty work. In October of 1992, claimant returned to Dr. Shepherd complaining of pain in his back. Dr. Shepherd concluded that arthritis was the cause of claimant's complaints. Dr. Shepherd opined that it was more likely than not that the arthritic changes in claimant's back would be present without the reported accident of December 2, 1991, because these changes take years to develop and manifest.
In November of 1993, claimant sought treatment from Dr. Louis Blanda, Jr., another orthopedic surgeon. The hearing officer determined that claimant had de facto chosen Dr. Clifton Shepherd as his treating physician and that claimant was not entitled to receive treatment from Dr. Louis Blanda at defendants' expense. In support of this finding, the hearing officer stated: "This Court finds that in the instant case, Comeaux had de facto chosen Dr. Shepherd as his treating physician in light of the fact that he treated with Dr. Shepherd on a monthly basis in 1992. It wasn't until Dr. Shepherd released him to return to work that he requested a change in physicians. As a matter of fact, it was actually one year from the date of Comeaux's release by Dr. Shepherd that he sought treatment with Dr. Blanda in November of 1993. Dr. Blanda has only had three visits with Comeaux compared to Dr. Shepherd's examinations of Comeaux on twelve different occasions."
The factual findings of a hearing officer in a worker's compensation case are reviewed under the manifest error standard of review. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). For us to set aside the hearing officer's factual determination that claimant had de facto chosen Dr. Shepherd to be his treating physician, we must conclude that from the record that a reasonable factual basis did not exist for the hearing *453 officer's findings and that these findings were clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).
By assignment of error, claimant maintains that the hearing officer was manifestly erroneous in finding that Dr. Shepherd was his de facto choice of a physician. Specifically, claimant points to a letter dated July 8, 1992, in which claimant requested to schedule an independent medical examination with either Dr. Cobb or Dr. Blanda, as grounds to controvert the hearing officer's finding that claimant did not seek treatment with Dr. Blanda until November of 1993. While the record does reflect that claimant did request an independent medical examination with either Dr. Blanda or Dr. Cobb on July 8, 1992, and that defendants indicated that they would approve this independent medical examination, the record indicates that claimant neither scheduled this examination nor sought treatment from Dr. Blanda until November of 1993, more than a year after the request. Furthermore, the record indicates that Dr. Shepherd saw claimant eleven times in 1992: February 13; March 5; March 26; April 23; May 14; June 18; July 22; August 20; September 17; October 29; and December 22. Additionally, claimant attended physical therapy, as prescribed by Dr. Shepherd, and Dr. Shepherd prescribed anti-inflammatory medicine and a corset for claimant. Dr. Shepherd also performed diagnostic tests on claimant, including CT scans and MRIs of both the lumbar and cervical spine. Claimant clearly submitted to treatment by Dr. Shepherd. Moreover, he first saw Dr. Blanda a year after Dr. Shepherd released him to return to work. Based on the foregoing, we are unable to conclude that the hearing officer erred in concluding that claimant had de facto chosen Dr. Shepherd as his treating physician.
La.R.S. 23:1203(A) provides that "[i]n every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment." Under this statute, a claimant's medical expenses are only compensable if they are occasioned by his work-related injury. As a consequence, the claimant must prove his claim for medical benefits and establish by a preponderance of the evidence that they are related to the work accident with a reasonable amount of certainty. Charles v. Aetna Cas. and Sur. Co., 525 So.2d 1272 (La.App. 3 Cir.), writ denied, 531 So.2d 480 (La.1988). Dr. Shepherd testified that he believed that as of October of 1992, claimant's complaints were related to his arthritis. Furthermore, Dr. Shepherd testified that it was his opinion that more likely than not this arthritis would be present regardless of the strain claimant sustained in December of 1991. The hearing officer concluded that claimant was not entitled to any further benefits in connection with his alleged December 2, 1991, injury. Thus, we cannot conclude from the record that the hearing officer erred in determining that defendants were not responsible for further medical treatment by Dr. Louis C. Blanda. Accordingly, claimant's assignment of error alleging that the hearing officer erred in deciding that defendants were not responsible for further medical treatment by Dr. Louis C. Blanda is without merit.

TEMPORARY TOTAL DISABILITY BENEFITS
An employee is entitled to receive temporary total disability benefits only if he proves that he "is physically unable to engage in any employment or self-employment." La.R.S. 23:1221(1)(c). Effective January 1, 1990, a claimant must prove a disability that renders him unable to work by clear and convincing evidence under La.R.S. 23:1221(1)(c). By assignment of error, claimant contends that the hearing officer erred in determining that he was not entitled to temporary total disability benefits.
Claimant began treatment with Dr. Shepherd on January 23, 1992, and visited him regularly throughout 1992. In April of 1992, Dr. Shepherd suggested to claimant that he return to light-duty work, with no heavy labor, heavy lifting, straining, or awkward positions. By letter dated June 25, 1992, Judy Consenza, an adjustor with employer's worker's compensation insurer, officially advised claimant that Dr. Shepherd had released him to return to light duty work and that employer had a light duty position available *454 for him. When claimant's complaints of pain persisted, Dr. Shepherd ordered an MRI and a CT scan in July of 1992. Dr. Shepherd concluded that Comeaux's complaints of pain were not consistent with the findings that were evidenced in the MRI and CT scans of the lumbar and cervical spine and he again released him to engage in light-duty work. Claimant returned to work at Sam Broussard Trucking as a mopper. After two hours on the job, claimant left. He maintained he could not do the work because of his back. Claimant never returned to employer for work or ascertained if there were other light duty positions available. On November 9, 1992, defendants ceased paying benefits.
In November of 1993, claimant sought treatment from Dr. Louis Blanda, Jr. Dr. Blanda reviewed the MRI and CT scans of both the cervical and lumbar spine performed in July of 1992. Dr. Blanda testified that claimant was capable of mopping, as well as driving a truck, with no heavy manual labor. Dr. Blanda was also in agreement with Dr. Shepherd that Comeaux was able to return to light-duty work as early as July of 1992.
The hearing officer found that claimant had not carried his burden of proving by clear and convincing evidence that he was unable to return to work. In concluding that claimant had failed to meet his burden, the hearing officer relied on two cases: McGill v. Gervais Favrot Construction Co., 514 So.2d 178 (La.App. 4 Cir.1987), writ denied, 519 So.2d 114 (La.1988), for the proposition that the claimant must introduce objective medical evidence to prove disability; and Gibson v. Boh Brothers Construction Co., Inc., 553 So.2d 898 (La.App. 4 Cir.1989), for the proposition that a claimant's self-serving testimony is insufficient to carry the burden of proving a disability. The hearing officer stated: "This Court finds that Horace Comeaux has not carried his burden of proving, by clear and convincing evidence, that he is entitled to temporary total disability benefits. The claimant has presented no medical testimony to establish that he is unable to return to gainful employment as a result of the alleged injury of December of 1991. Dr. Shepherd, the physician with whom he treated for one year immediately following his work injury, testified that Comeaux was able to return to light-duty work as early as July of 1992. Dr. Blanda was also in agreement with Dr. Shepherd that Comeaux could return to light-duty work in July of 1992."
A claimant bears the burden of proving his disability, or his inability to engage in any employment, by clear and convincing evidence. La.R.S. 23:1221(1)(c). To satisfy the clear and convincing standard, it must be established that "the existence of the disputed fact [is] highly probable, that is, much more probable that its non-existence." Succession of Bartie, 472 So.2d 578, 582 (La. 1985). In Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277, 280 (La.1993), the Louisiana Supreme Court stated that "[d]isability can be proven by medical and lay testimony ... [The hearing officer] must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden [of proving disability.]" (emphasis added) (citations omitted).
Since a claimant must prove by clear and convincing evidence that he is disabled or unable to work and the supreme court mandated in Bailey that worker's compensation hearing officers must weigh medical and lay evidence, we agree with the hearing officer that the claimant must introduce objective medical evidence to carry the burden of proving disability by clear and convincing evidence.
This court has previously upheld a denial of temporary total disability benefits when the medical evidence indicated that the claimant could perform light duty work and the claimant had actually worked. Dugas v. Rosary House, 93-42 (La.App. 3 Cir. 4/6/94), 635 So.2d 570. Additionally, a hearing officer's determination that a claimant has failed to meet his burden of proving disability is a factual finding which will not be overturned on appeal absent manifest error. Bailey, 620 So.2d 277. Dr. Shepherd and Dr. Blanda both concluded that claimant was able to return to light duty work. Claimant also conceded that he had performed consulting work for a law firm after his injury in December *455 of 1991. Thus, under Dugas, we find no error in the hearing officer's denial of temporary total disability benefits.
Accordingly, claimant's assignment of error that the hearing officer erred in determining that claimant had failed to prove by clear and convincing evidence that he was entitled to temporary total disability benefits lacks merit.

SUPPLEMENTAL EARNINGS BENEFITS
To be entitled to receive supplemental earnings benefits, a claimant must establish by a preponderance of the evidence that he is unable to earn ninety percent of the wages he earned at the time of his injury. La.R.S. 23:1221(3)(a); Smith v. Louisiana Dept. of Corrections, 93-1305 (La. 2/28/94), 633 So.2d 129; Belaire v. L & L Oil Co., 93-1198 (La.App. 3 Cir. 5/4/94), 636 So.2d 1177. The burden of proof then shifts to the employer, who wishes to defeat or reduce supplemental earnings benefits, to prove that the claimant is earning less than he is able to earn. The employer meets this burden by proving by a preponderance of the evidence that the employee is physically able to perform a certain job, and that this job was either offered to the employee or is available in the claimants's or employer's community or a reasonable geographic region. La.R.S. 23:1221(3)(c)(i); Smith, 633 So.2d 129; Belaire, 636 So.2d 1177. If the employee contends that he is unable to perform such employment solely as a consequence of substantial pain, the employee shall be deemed to be incapable of performing employment offered or proven available to him only if he then establishes by clear and convincing evidence, unaided by any presumption of disability, his inability to perform such job. La. R.S. 23:1221(3)(c)(ii).
In the instant case, the hearing officer concluded that claimant was not entitled to supplemental earnings benefits because he had presented no evidence that his work-related injury left him unable to earn ninety percent of his pre-injury wages. In support of this conclusion, the hearing officer noted that claimant admitted that he had earned approximately $4,000 as an investigator for a law firm after his work injury in December of 1991, that employer had made a light-duty position available to claimant which claimant left after a single day on the job, and that claimant had made no attempt to apply for other jobs. By assignment of error, claimant maintains that the hearing officer erred in denying him supplemental earnings benefits because he contends that he was physically unable to perform the job which employer provided to him, employer did not contact him about the availability of other light duty positions, and Ms. Cynthia Albert, an employee of employer, did not know what light duty positions were available when her deposition was taken.
After a thorough review of the record, we agree with the hearing officer that claimant failed to establish by a preponderance of the evidence that he is unable to earn ninety percent of the wages he earned at the time of his injury. Thus, the burden of proof never shifted to the defendants to prove that claimant is physically able to perform a certain job and that this job was either offered to the employee or is available in the claimant's or employer's community or a reasonable geographic region.
Nevertheless, the employer introduced evidence that it provided a light duty position to claimant in accordance with the limitations set out by Dr. Shepherd; Dr. Shepherd and Dr. Blanda both testified that claimant was capable of light duty work; and Dr. Blanda specifically testified that claimant would be capable of mopping. This court has previously held that an employee is not entitled to supplemental earnings benefits when an employee has been released by his treating physician to engage in light duty work and has refused his employer's offer of a light-duty position. Fusilier v. Slick Const. Co., 94-11 (La.App 3 Cir. 6/1/94), 640 So.2d 788. Furthermore, when an employer has offered a position to employee and establishes by a preponderance of the evidence that the employee is capable of performing that position, an employee who contends that he is unable to perform such employment solely as a consequence of substantial pain must establish his inability to perform such job by clear and convincing evidence. *456 La.R.S. 23:1221(3)(c)(ii). The clear and convincing burden of proving inability to work due to substantial pain is not met where all the medical evidence indicates that a claimant is capable of light duty work and the claimant only offers lay testimony that he is unable to work due to substantial pain. Dugas, 635 So.2d 570.
Accordingly, we find no error in the hearing officer's determination that claimant was not entitled to supplemental earnings benefits.

PENALTIES AND ATTORNEY'S FEES
La.R.S. 23:1201(E) provides for statutory penalties when compensation or medical benefits payable are not timely paid; nevertheless, statutory penalties are not due when a claimant's entitlement to benefits is "reasonably controverted" and the employer elects not to pay. Louisiana Revised Statutes 23:1201.2 authorizes an award of attorney's fees when an employer's failure to pay benefits is "arbitrary and capricious." These statutes are penal in nature and are to be strictly construed. Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3 Cir. 1991), writ denied 593 So.2d 381 (La.1992). In his final assignment of error, claimant argues that the hearing officer erred in concluding that defendants were not arbitrary and capricious due to the miscalculation of claimant's weekly temporary total disability benefits and the management of claimant's claim.
In concluding that defendants were not arbitrary and capricious with respect to the miscalculation of claimant's weekly temporary total disability benefits, the hearing officer stated: "Comeaux had worked fifteen days and had a gross wage of $1,129.09 ... Weekly indemnity benefits in the amount of $164.00 were paid to Horace Comeaux ... As soon as it was brought to the defendants' attention that claimant was owed an additional $36.73 for each week of the forty-seven weeks that compensation benefits were paid, a lump-sum payment of $1,726.31 was forwarded to claimant's attorney.... The mere fact that the employer miscalculated the employee's compensation rate will not result in an automatic award of attorney's fees.... [P]laintiff should not be entitled to an award of attorney's fees due to the fact, that, as soon as the error was brought to the attention of the defendants, it was corrected." We agree.
With respect to the management of claimant's claim, claimant argues that defendants were arbitrary and capricious in their handling of his claim, specifically he points to defendants' concession that no forms were filed when benefits were suspended, terminated, or reinstated. While the record indicates that no forms were filed when benefits were suspended, terminated, or reinstated, it does reflect that claimant was notified by certified mail when his benefits were stopped and that the reason for the cessation in payment was that he had been released by Dr. Shepherd to return to work. Furthermore, the hearing officer noted that defendants had paid medical benefits in the amount of $24,744.41 for treatment by Dr. Shepherd and Dr. Blanda, as well as prescriptions and diagnostic tests. The hearing officer found that the defendants had been reasonable in the payment of all treatment rendered by Dr. Blanda, as well as the payment of physical therapy and diagnostic tests. The hearing officer further found that the defendants had been reasonable in their denial of the recent prescription for physical therapy prescribed by Dr. Blanda. Finally, the hearing officer concluded that the termination of temporary total disability benefits in November of 1992 was an appropriate action. After reviewing the record, we agree with the hearing officer that the defendants were not arbitrary and capricious in the handling of claimant's claim. Therefore, we find no error in the hearing officer's denial of statutory penalties and attorney's fees.

DECREE
For the foregoing reasons, we affirm the hearing officer's judgment. Costs of this appeal are assessed to Horace Comeaux.
AFFIRMED.
WOODARD, J., concurs.