670 So.2d 233 (1996)
Glenda A. CORMIER, Plaintiff-Appellee,
v.
RESTHAVEN NURSING HOME, Defendant-Appellant.
No. 95-230.
Court of Appeal of Louisiana, Third Circuit.
January 17, 1996.
*234 Thomas E. Townsley, Lake Charles, for Glenda A. Cormier.
Samuel Newman Poole Jr., Alexandria, for Resthaven Nursing Home.
Before THIBODEAUX, SAUNDERS, COOKS, WOODARD and AMY, JJ.
WOODARD, Judge.
This appeal arises from a hearing officer's award of worker's compensation benefits to claimant, Glenda Cormier. For the following reasons, we amend the judgment in part, affirm in part.

FACTS
On October 19, 1993, claimant filed a disputed claim for compensation benefits, seeking weekly indemnity and medical benefits. She contended that she had injured her left shoulder, left side and back on October 7, 1993, while moving furniture to clean at the Resthaven Nursing Home.
After the August 25, 1994, hearing, the worker's compensation hearing officer issued judgment that claimant was entitled to all worker's compensation benefits. Defendant *235 appeals, asserting that the hearing officer erred in determining that claimant was entitled to worker's compensation benefits. Claimant answered the appeal, assigning as error the hearing officer's failure to award statutory attorney's fees and penalties.

LAW

ACCIDENT
To be entitled to receive worker's compensation benefits, a claimant must first establish by a preponderance of the evidence that she has received "personal injury by an accident arising out of and in the course of ... employment." La.R.S. 23:1031(A); Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La. 1992). Under the Louisiana Worker's Compensation Act, "accident" is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).
On appeal, defendant argues that the hearing officer erred in accepting claimant's testimony about the occurrence of the accident. The hearing officer's determination as to whether the claimant's testimony was sufficient to discharge the burden of proof constitutes a factual determination. Consequently, the resolution of this issue will not be disturbed on review absent manifest error. We will only set aside the hearing officer's factual finding if the record demonstrates that there was no reasonable basis for this factual finding and that this finding is clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). Additionally, the hearing officer's determination as to whether a claimant's testimony was sufficient proof of the occurrence of an accident is necessarily a credibility call and demands great deference on review because "only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
A claimant's testimony alone can satisfy the preponderance of the evidence burden of proof that an accident occurred, provided two elements are met: (1) no other evidence discredits or casts serious doubt on the worker's version of the accident, and (2) the claimant's testimony is corroborated by circumstances following the alleged accident. Bruno, 593 So.2d 357.
In her reasons for judgment, the hearing officer found that claimant had sustained her burden of proving a work-related accident by "a very bare preponderance of the evidence" because the evidence did not cast doubt on claimant's version of the accident and that her version of events was corroborated by circumstances immediately after the accident; namely, that claimant reported the accident to her employer, and the day after the accident, she sought medical treatment from Dr. Young Kang. While there were inconsistencies in claimant's testimony from her deposition, she explained that she had suffered a similar accident on July 29, 1993, and had confused the details. Claimant's accident data filed with the Office of Worker's compensation reflects that she reported the accident to her supervisor, Linda Benoit, on October 7, 1993. Also, the record reflects that claimant's injuries were present.
The hearing officer had a rational basis for her finding; therefore, we cannot say that she was clearly wrong. Rosell, 549 So.2d 840. Accordingly, we affirm on this issue.

COMPENSATION BENEFITS
Defendant complains that the hearing officer erred in awarding total temporary disability benefits, contending that the record shows plaintiff is able to engage in employment and has in fact worked by assisting her husband at the flea market where he works.
The record is void of any factual finding, discussion, or determination by the hearing officer on the issue of whether claimant sustained her burden of proof that she was entitled to medical benefits and total temporary disability benefits. Without any explanation, citation of appropriate sources, or discussion, the hearing officer simply stated in the judgment "that claimant was entitled to all worker's compensation benefits" with *236 no specification of which benefits. Therefore, we conduct a de novo review of claimant's entitlement to benefits. Fuselier v. International Maintenance Corp., 94-792 (La.App. 3 Cir. 2/1/95), 649 So.2d 1197.
La.R.S. 23:1203(A) provides that "[i]n every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment." A claimant's medical expenses are only compensable if they are occasioned by the work-related injury. The claimant must establish, by a preponderance of the evidence, that his claim is related to the work accident with a reasonable amount of certainty. Charles v. Aetna Cas. and Sur. Co., 525 So.2d 1272 (La.App. 3 Cir.), writ denied, 531 So.2d 480 (La.1988).
Claimant had been under the treatment of Dr. R. Dale Bernauer, an orthopedic surgeon, from October 13, 1993, through the date of the hearing. By letter dated June 7, 1994, Dr. R. Dale Bernauer wrote that claimant's "problem with her neck and back is directly related to her accident." Accordingly, claimant met her burden of proving that she sustained a work-related accident. Thus, she is entitled to medical benefits.
Regarding weekly indemnity benefits, a claimant is entitled to total temporary disability benefits if she meets the burden of proving her disability, or her inability to engage in any employment, by clear and convincing evidence. La.R.S. 23:1221(1)(c). After claimant's October 8, 1993, visit to Dr. Kang, she was taken off work indefinitely and referred to a specialist. On October 13, 1993, Dr. R. Dale Bernauer, orthopedic surgeon, examined her and found that her neck and lumbar spine showed a deceased range of motion; thoracic spine showed compression sign positive and distraction positive; straight leg raising was negative; neurological exam and x-rays were normal. He diagnosed her with cervical, thoracic, and lumbar strain, placed her on physical therapy, and issued a slip stating that she was unable to return to work. By a letter to Thomas Filo, claimant's attorney, dated October 18, 1993, he wrote that he thought claimant was suffering from cervical, thoracic and lumbar strain, and on December 30, 1993, he issued another off-work slip: "Glenda Cormier is a patient I am currently treating for a cervical, thoracic and lumbar strain. She is unable to do any type of gainful employment and cannot work." And, on May 23, 1994, Dr. Bernauer wrote to Alexsis Risk Management, Resthaven's worker's compensation insurance carrier, that: "Glenda Cormier has continued neck pain and left arm pain. I have attempted to schedule an MRI. Her examination showed weakness of triceps on the left and grip strength on the left. She has signs of a herniated disk in her neck. I think an MRI is medically necessary at this time." In another letter to Thomas Townsley, claimant's attorney, dated June 7, 1994, Dr. Bernauer noted that claimant complained of pain and stated that he ordered a CT scan on February 2, 1994, but it was not performed due to Resthaven's worker's compensation carrier's refusal to authorize payment; that he had ordered an MRI on April 25, 1994, but it had not been done; and that claimant's "problem with her neck and back is directly related to her accident. I think she needs an MRI done. She may have a herniated disk in her neck, if so she may need surgery on this."
On February 7, 1994, claimant was examined by Dr. Thomas Ford, an orthopedic surgeon, at defendant's request. His physical examination was normal. He could find no physiological reason for her complaints of tenderness along her left side; no objective reason why she cannot work as a nurse's aide; and no reason why her activities as a nurse's aide require restriction, noting that her x-rays showed mild degenerative changes. He notified Cindy McMahon, in a letter dated February 9, 1994 that: "I am unable to explain the complaints on a physical basis. The bizarre complaints of hemi-dysesthesias is [sic] not compatible with an anatomical lesion aside from a brain tumor. It is my opinion this patient is capable of working."
At the hearing, claimant testified that she was unable to work because of pain and numbness on her left side from head to toe. She stated that she was unable to perform household chores. Yet, Defendant produced *237 a surveillance tape of her moving around and occasionally bending while at the flea market where her husband works.
To satisfy the clear and convincing standard, it must be established that "the existence of the disputed fact [is] highly probable, that is, much more probable that its non-existence." Succession of Bartie, 472 So.2d 578, 582 (La.1985). Furthermore, as this court recently held in Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95), 657 So.2d 449, there must be objective medical evidence to carry the burden of proving disability by clear and convincing evidence. The testimony of a patient's treating physician should ordinarily be afforded more weight than that of an examining physician. Nugent v. Continental Cas. Co., 93-867 (La.App. 3 Cir. 3/2/94), 634 So.2d 406. Additionally, positive findings as to the existence of an injury are to be afforded more weight than negative findings. Guillory v. City of Crowley, 93-1060 (La.App. 3 Cir. 8/31/94), 643 So.2d 196, writ denied, 94-2470 (La. 12/9/94), 647 So.2d 1113.
After carefully examination of the record, we find that the claimant satisfied her burden that she is temporarily and totally disabled.

PENALTIES AND ATTORNEY'S FEES
La.R.S. 23:1201(E) provides for statutory penalties when compensation or medical benefits payable are not timely paid; nevertheless, statutory penalties are not due when a claimant's entitlement to benefits is "reasonably controverted" and the employer elects not to pay. La.R.S. 23:1201.2 authorizes an award of attorney's fees when an employer's failure to pay benefits is "arbitrary and capricious." These statutes are penal in nature and are to be strictly construed. Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3 Cir.1991), writ denied, 593 So.2d 381 (La.1992). Claimant argues that the hearing officer erred in concluding that defendants were not arbitrary and capricious.
At the hearing, Cindy McMahon, the claims administrator, testified that defendant had reservations about claimant's accident because it was unwitnessed, her whereabouts could not be ascertained, and she had reported an almost identical accident a few months earlier. However, Ms. McMahon testified that after her initial request for records, she did not attempt to obtain medical reports from claimant's treating physicians or otherwise continue to investigate the claim despite being made aware, by Dr. Bernauer in May, 1994, that claimant probably had a herniated disk.
Considering the defendant's failure to investigate the claim, the defendant failed to reasonably controvert the claimant's entitlement to benefits. The hearing officer's denial of penalties and attorney's fees is reversed. We, therefore, find that claimant is entitled to penalties of $2,000.00. La.R.S. 23:1201. Further, we find that the hearing officer manifestly erred in determining that the employer's failure to pay benefits was not arbitrary and capricious and award reasonable attorneys' fees in the amount of $8,000.00.

CONCLUSION
For the foregoing reasons, the hearing officer's finding that claimant sustained injuries in a work-related accident is affirmed. The judgment awarding claimant medical and temporary total disability benefits is affirmed. The judgment of the hearing officer is reversed insofar as it denies penalties and attorney's fees. All costs of this appeal are assessed to Resthaven Nursing Home.

AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
COOKS, J., concurs in result.
AMY, J., concurs in part and dissents in part and assigns reasons.
AMY, Judge, concurring in part and dissenting in part.
I agree with the majority that the hearing officer's finding that an accident occurred should be affirmed. I therefore concur in that portion of the majority's opinion.
I respectfully disagree with the majority's opinion that the record of this case establishes claimant's disability by clear and convincing evidence. In my view, the hearing *238 officer's award of total temporary disability benefits should be reversed. However, the claimant's ability to meet her burden of proof was hampered by defendant's refusal to authorize diagnostic testing requested by the plaintiff's treating physician. This diagnostic testing would have provided critical information for the hearing officer to weigh in this determination. Therefore, the claimant was deprived of a full and fair hearing on the disability issue because she was deprived of medical benefits appropriate under the Act. I would remand the case for additional proceedings, and allow the claimant to seek diagnostic testing at defendant's expense.
Lastly, the record supports the hearing officer's determination that claimant's entitlement to benefits was reasonably controverted and that defendant was not unreasonable, arbitrary or capricious in refusing to pay benefits. The hearing officer's denial of penalties and attorney's fees should be affirmed.