WOODARD, Judge.
Defendant employer appeals a judgment of the Office of Workers’ Compensation, awarding benefits and medical treatment to plaintiff employee, asserting lack of sufficient evidence to prove injury. We affirm.
FACTS
On October 27, 1993, plaintiff, Dan Gray (Gray), was injured while working for the defendant, Courtney Equipment Company, Inc. (Courtney). Gray was treated by Dr. Charles Joiner, a family practitioner, who initially released Gray to light-duty work, but thereafter restricted him from work due to his complaints of pain in his lower back and leg. Gray was further treated by physicians *608 at the Veterans Administration (V.A.) Medical Center in Alexandria, Louisiana. On February 17, 1994, he was examined by Dr. Clifton Shepherd, an orthopedic surgeon, who recommended a CT scan and an MRI. Dr. Shepherd, saw Gray again on March 9, |21994, and based on his examination and the results of the tests, recommended that Gray return to work. On March 23, 1994, Courtney requested an independent medical examination which was performed by Dr. John Weiss, an orthopedic surgeon, on June 8, 1994. Dr. Weiss reported no objective findings of injury and also recommended that Gray return to work. Courtney paid workers’ compensation benefits to Gray from the date of the accident until July 20, 1994, the day they received the report from Dr. Weiss. Gray continued to be treated at the V.A. Medical Center, primarily by Dr. Ngoc Nguyen. Dr. Nguyen first examined Gray on August 15, 1994, diagnosed him as having a low back sprain, and recommended physical therapy. On October 20, 1994, Gray filed a disputed claim for workers’ compensation benefits. On July 5, 1995, before his claim was heard, Gray was involved in an automobile accident which injured his neck. On July 7, 1995, Dr. Robert Rush examined Gray and opined that the car accident had definitely caused a cervical injury, exacerbating the injury to Gray’s lower back. On November 14, 1995, Dr. Rush released Gray back to the V.A. Medical Center for continued treatment of his lower back.
Gray’s claim was heard, and a judgment was rendered, on January 17, 1996. The hearing officer ruled that:
(1) Gray remained temporarily, totally disabled from the date of termination of benefits, June 20, 1994, through the date of the hearing and is entitled to back-due compensation;
(2) Gray suffered a non-work-related accident on July 5, 1995, which aggravated his work-related lower back injury;
(3) Gray is entitled to payment of medical treatment related to his lower back;
(4) Gray is entitled to medical treatment recommended by Dr. Nguyen, including but not limited to physical therapy, pain management and/or low back conditioning;
(5)Courtney is entitled to a credit for amounts received in settlement of the non-work-related accident and injury less attorney’s fees and costs;
13(6) Courtney was not arbitrary and capricious in terminating indemnity benefits; the claim for penalties and attorney’s fees being denied;
(7) Courtney is assessed with all costs of the proceedings.
It is from this judgment that Courtney now appeals.
ASSIGNMENTS OF ERROR
Courtney claims that:
(1) The hearing officer erred in awarding Dan Gray temporary, total disability benefits when he failed to meet the required standard of proof of an objective injury by clear and convincing evidence.
(2) The hearing officer erred in assuming jurisdiction to adjudicate the right of Courtney Equipment Company, Inc. to the potential third party claim related to an accident July 5,1995, which arose outside of the employment relationship.
LAW
AWARDING OF TEMPORARY, TOTAL DISABILITY Payments
In its first assignment of error, Courtney asserts that the hearing officer erred in awarding Gray temporary, total disability benefits when he failed to meet the required standard of proof for an objective injury by clear and convincing evidence. Initially, we note that a hearing officer’s determination as to whether the claimant met his burden of proof is a factual determination. As such, this determination will not be disturbed on review absent manifest error. An appellate court will only set aside a factual finding by a hearing officer if the record demonstrates that there was no reasonable basis for the finding and that the finding was clearly wrong. Stobart v. State through DOTD, 617 So.2d 880 (La.1993). This standard of review demands great deference be *609 cause “only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Courtney asserts that this rule of law deals only with factual findings and asserts that the hearing officer committed errors of both law and fact. Specifically, |4Courtney asserts that the hearing officer erred in not applying the “clear and convincing” standard of proof to Gray’s claim, as required by La.R.S. 23:1221(1) and our recent jurisprudence. In support of this assertion, Courtney cites Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95), 657 So.2d 449, in which this court held that “to satisfy the clear and convincing standard, it must be established that the ‘existence of the disputed fact [is] highly probable, that is, much more probable than its non-existence.’ ” Id. at 454 (citing Succession of Bartie, 472 So.2d 578, 582 (La.1985)). This court further held that a claimant may prove a disability by medical and lay testimony and that the hearing officer must weight both in order to determine whether the plaintiff has met his burden. Id.
While Courtney does not argue that the hearing officer erred in considering both lay and medical testimony, it does assert that the hearing officer erred as a matter of law insofar as her ruling was unsupported by any objective evidence of an injury. This court has held that “there must be objective medical evidence to carry the burden of proving disability by clear and convincing evidence.” Cormier v. Resthaven Nursing Home, 95-230, p. 5 (La.App. 3 Cir. 1/17/96), 670 So.2d 233, 237 (citations omitted).
In her written reasons for judgment, the hearing officer emphasized the testimony of Dr. Nguyen, who opined that Gray had a lower back sprain. He based this opinion on his examinations of Gray prior to the auto accident and the results of his x-ray. He further stated that Gray had a possible nerve root irritation, which he thought was consistent with Gray’s pain, and recommended another CT and MRI. Finally, Dr. Nguyen stated that, in his opinion, Gray was unable to work and recommended work hardening and intensive back conditioning. All of the above evidence constitutes objective medical evidence: the expert testimony, the results of the examinations, and the results of the tests performed. In its argument, Courtney relies on the opinions of Dr. Shepherd and Dr. Weiss, the independent medical examiner. Both doctors stated that Gray’s MRIs came back as basically normal. They could find no cause of Gray’s continued complaints of pain. Based on these reports, Courtney discontinued benefits. The hearing officer, however, noted that Dr. Weiss only examined Gray once, while the physicians at the V.A. Medical Center, especially Dr. Nguyen, had examined and treated Gray on numerous occasions. | ¡^Furthermore, she found Gray’s testimony to be credible and noted that there was no significant lapse in his treatment at the V.A. Medical Center.
While the evidence introduced is somewhat conflicting, the hearing officer is in the best position to view the witnesses’ and the claimant’s testimony. Based upon the record before us, we cannot say that the determination that Gray was still disabled was manifestly erroneous.
Injuries Arising out of Auto AcCident
Courtney further asserts, however, that it should not be liable for any medical expenses which occurred after the auto accident of July 5,1995 because the accident was not related to Gray’s employment. After the July 5, 1995 accident, Gray began his treatment with Dr. Rush. Dr. Rush diagnosed Gray with cervical and lumbar syndromes. He believed that the cervical syndrome was probably a result of the accident, but that the lumbar syndrome existed before the accident and was exacerbated by the accident. He further stated that, as far as the cervical injury, Gray had reached maximum improvement, but that he would need to continue therapy for his lower back injury.
In Stewart v. Hospitals Affiliates Int’l, Inc. of Baton Rouge, the supreme court held that:
When a work related injury is subsequently exacerbated, the aggravation is regarded as a development of the initial accident even though it occurs away from the em *610 ployer’s premises after employment has terminated.
404 So.2d 944, 945 (La.1981) (citing Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978)). In the present case, Dr. Rush testified that Gray’s lower back injury was exacerbated by the auto accident. No testimony was introduced to contradict that point. Furthermore, in the judgment rendered, no mention is made of the cervical injury sustained in the accident. Only Gray’s injury to his lower back is deemed compensable. We, therefore, find that the hearing officer did not err in awarding benefits and medical treatment related to Gray’s lower back. As such, this assignment of error is without merit.
| 6Credit for Amounts Received in Third Party Settlement
In its second assignment of error, Courtney asserts that the hearing officer erred in assuming jurisdiction to adjudicate the right of Courtney Equipment Company, Inc. to the potential third party claim related to the accident on July 5, 1995, which arose outside of the employment relationship. In his brief, Gray stipulates that the workers’ compensation hearing officer erred in asserting jurisdiction over this matter. Gray further asserts that the question is moot because he has already been awarded the maximum amount allowed under the tortfeasor’s policy limits by the district court. An appellate court may, on its own motion or on application of any party, order dismissal of a suit if the issues presented have become moot. Cooley v. Merriman, 590 So.2d 718 (La.App. 3 Cir.1991). Additionally, both parties have stipulated that this issue is moot. We, therefore, need not address it at this time.
CONCLUSION
For the above reasons, the judgment of the Office of Workers’ Compensation is affirmed with all costs to the appellant.
AFFIRMED.