DECUIR, Judge.
This is an appeal by James D. Shaw from the judgment of the Office of Workers’ Compensation denying his claim for penalties and attorney’s fees for the alleged failure to timely authorize a surgery by Louisiana Workers’ Compensation Corporation (LWCC), Alfred Miller Gravel & Masonry Contractor’s insurer. We affirm.
The parties stipulated that plaintiff was injured in a job-related accident on December 15,1994, while employed by Alfred Miller Gravel & Masonry Contractor; that he has been receiving benefits in the amount of $323.00 per week since January 12, 1995; and as to the total amount of indemnity benefits and medical expenses paid. The parties further stipulated that plaintiff underwent back surgery by Dr. William Foster, neurosurgeon, on May 22, 1995; that Dr. Foster was the defendants’ choice of physician on referral from Dr. Lynn Foret, orthopedic surgeon, also defendants’ choice of physician; that Dr. Foster became plaintiffs de facto choice of physician; and that Dr. Foster requested approval for a second surgery on May 22,1996. The parties ^further stipulated that plaintiff was seen by Dr. Clark Gunderson, an orthopedic surgeon, on referral from Dr. Foster, and Dr. Gunderson concurred with Dr. Foster’s recommendation of a second surgery.
The record reflects that after Dr. Foster’s recommendation for the second surgery, LWCC scheduled a second opinion examination with Dr. Patrick Juneau, III, a neurosurgeon, who recommended diagnostic studies. Based upon these studies, Dr. Juneau recommended against a second surgery. Thereafter, the LWCC requested an independent medical examination pursuant to La. R.S. 23:1123. Dr. Jack Hurst, a neurosurgeon, performed an examination on behalf of the Office of Workers’ Compensation. It was Dr. Hurst’s opinion that the second surgery was not necessary. Nevertheless, the defendant insurer subsequently authorized another orthopedic evaluation and, in fact, authorized the surgery.
The workers’ compensation judge in written reasons stated:
Even assuming that the examination by Dr. Juneau was not reasonable under La. R.S. 23:1121(A), the administrative procedures applicable to this office would have allowed a second surgical opinion from another neurosurgeon. The insurer did not unreasonably delay in its response to Dr. Foster’s recommendation for the second surgery. The court therefore denies the claim for penalties and attorney’s fees.
(Emphasis added.)
It is plaintiffs contention that after Dr. Gunderson rendered his opinion, there was no reason for plaintiff to be seen by any other physician and that it was arbitrary and capricious for LWCC to send plaintiff for further examinations by Dr. Patrick Juneau and Dr. Jack Hurst. Plaintiff contends that the workers’ compensation judge erred: (1) in basing her ruling that LWCC was entitled to a second opinion by Dr. Juneau on the Utilization Review Procedures of La. R.S. 40:2721, et seq.; (2) in ruling that LWCC was entitled to select a second neurosurgeon after it had initially selected Dr. Foster; and (3) in failing to award penalties and attorney’s fees.
[¡Addressing plaintiffs contention that the workers’ compensation judge relied upon utilization review procedures set forth in La.R.S. 40:2721, et seq., we find from a reading of the reasons for judgment that the workers’ compensation judge did not rely upon the Title 40 provision, but instead relied upon La.R.S. 23:1121(A) in rendering her ruling that LWCC was entitled to the second opinion from Dr. Juneau. The fact that the workers’ compensation judge discussed the utilization review procedures does not support the contention that she relied upon them in rendering her opinion. Regardless, we find that there is no error in the ruling since based upon the facts and circumstances of the case and the law, LWCC was entitled to a second opinion from Dr. Juneau.
Defendant contends that it had never selected a neurosurgeon and had a right to do so pursuant to La.R.S. 23:1121, et seq., as Dr. Foster was plaintiffs de facto choice of physician. The parties stipulated that Dr. Foster was plaintiffs defacto choice of physician. That fact is not in dispute. In Co- *522 meaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449, this court affirmed the trial court’s finding that plaintiff had de facto chosen Dr. Clifton Shepard as his treating physician in light of the fact that he continued to see Dr. Shepard on a monthly basis for a year and, it was not until Dr. Shepard released him to return to work, that plaintiff requested a change in physicians.
Pursuant to La.R.S. 23:1121(B), an employee has the right to choose one physician in any field or- specialty and the treatment will be paid for by the employer or its insurer. Plaintiff chose Dr. Foster. It was Dr. Foster, not LWCC, that referred plaintiff to Dr. Gunderson. Thus, LWCC was entitled to a second opinion from a neurosurgeon of its choice. After Dr. Juneau rendered his opinion advising against a ^second surgery, LWCC was entitled to seek an independent medical examination by a physician appointed by the OWC.
We likewise find no error in the workers’ compensation judge’s ruling that LWCC did not unreasonably delay in its response to Dr. Foster’s recommendation for a second surgery.
We affirm the workers’ compensation judge’s ruling that LWCC was entitled to a second opinion from Dr. Juneau and was not arbitrary and capricious in its response to the recommendation for a second surgery. Thus, penalties and attorney’s fees are not due.
The judgment of the Office of Workers’ Compensation is affirmed. Costs of appeal are assessed to plaintiff-appellant.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.
[lTHIB ODEAUX, J.,
dissenting.
Louisiana Revised Statutes '23:1121(A) prevents an employer from compelling an employee to undergo a medical examination by more than one duly qualified medical practitioner in any one field or specialty without consent of the employee. If a medical specialist is the employer’s choice of physician and that specialist later became the employee’s de facto choice of physician, can the employer require the employee to submit to a second medical examination? The majority says that it can. I disagree.
The majority correctly notes that La.R.S. 23:1121(B) allows an employee to choose one physician in any field or specialty. The majority is technically correct when it says that “plaintiff chose Dr. Foster.” However, this ^choice was an implicit acquiescence. The unrepresented claimant was referred to Dr. Foster by Dr. Foret who was indisputably the employer’s initial selection. As the stipulation indicated, Dr. Foster was the “employer’s’' choice of physician on a referral from Dr. Foret who was the “employer’s” choice of physician.’ It is true that the employee accepted, without objection, the services of Dr. Foster and did become, as the stipulation states, the employee’s de facto choice of physician. This, does not change the fact, however, that the initial selection of Dr. Foster was not made by the émployee; rather, it was made as a result of the employer’s initial physician’s referral.
The majority’s reliance on Comeaux v. Sam Broussard Trucking, 94-1631 (La.App. 3 Cir. 5/31/95); 657 So.2d 449 is misplaced. Comeaux referred to an employee’s right to choose one physician in any field or specialty under La.R.S. 23:1121(B). In Comeaux, the employee made the considered choice to choose Dr. Shepherd as his treating physician. Dr. Shepherd was not referred to the claimant by a physician chosen by the employer. The claimant attempted to change to another specialist after having been discharged by Dr. Shepherd for over a year, after having seen Dr. Shepherd on eleven separate occasions, and almost two years from the date on which the claimant initially saw Dr. Shepherd. The court properly concluded that Dr. Shepherd was the plaintiffs de facto physician and did not have the right to see another specialist.
The facts of this case are more closely akin to that in Rideaux v. Franklin Nursing Home, 95-240 (La.App. 3 Cir. 11/22/95); 664 So.2d 750, writ denied, 95-3093 (La.2/16/96); 667 So.2d 1058. In Rideaux, the employer accepted the employee’s choice of surgeon, *523 but argued that it was still entitled to a second opinion from another surgeon. We concluded that:
An employer is not entitled to a second physician as such, but only to select a physician to examine an allegedly injured ^employee. Thus, it is clear that Franklin [the employer] exhausted whatever right it may have possessed to a second opinion when Cremaldi [the plaintiff] selected Dr. Blanda as Franklin’s choice of orthopedic surgeon.
Id. at 753.
In this case, even if Dr. Foster was chosen by the plaintiff as his de facto physician, LWCC did not object to that selection. In fact, it agreed to accept Dr. Foret’s referral to Dr. Foster. Dr. Foret, as previously noted, was the employer’s choice of physician. Just as the employer explicitly accepted the employee’s choice of physician in Rideaux, the LWCC accepted Dr. Foster as its treating physician. It is bound by that choice and should not be entitled to a second opinion.
For the foregoing reasons, I respectfully dissent.