573 So.2d 462 (1991)
Glenn GAUTHIER
v.
GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., et al.
No. 90-C-1115.
Supreme Court of Louisiana.
January 22, 1991.
*463 Norris J. Greenhouse, John T. Bennett Law Offices, Ltd., Marksville, for Glenn Gauthier plaintiff-applicant.
Howard B. Gist, III, Gist, Methvin, Hughes & Munsterman, Alexandria, Denis Paul Juge, Jeffrey C. Napolitano, New Orleans, for General Acc. Fire & Life Assur. Corp., Ltd., et al., defendant-respondent.
MARCUS, Justice.
In May of 1982, during the course and scope of his employment as a laborer with INAMCO, Inc., Glenn Gauthier was injured in a fall. He sustained injuries to his right foot and a compression fracture of the fifth cervical vertebra in his neck. Dr. Vanda L. Davidson, Gauthier's treating physician, determined that as a result of these injuries Gauthier had sustained an anatomical impairment rating of twenty percent of his entire person. Dr. Davidson found that Gauthier would be capable of performing some types of sedentary employment and suggested that he would benefit from vocational guidance and some retraining.
Gauthier filed suit against General Accident Fire & Life Assurance Corporation, Ltd. ("General Accident") and INAMCO, Inc. seeking compensation benefits under the Worker's Compensation Act (the "Act"). General Accident provided worker's compensation insurance to Gauthier's employer at the time of the accident. After trial, the trial judge found that Gauthier was totally and permanently disabled and awarded him worker's compensation benefits of $183.00 per week from May 14, 1982. The judgment was signed on August 31, 1984. Defendants did not appeal and commenced paying compensation in compliance with the judgment.
In January of 1985, defendants had Gauthier examined by Dr. Cedric W. Lowrey, who also gave Gauthier a twenty percent impairment rating and concluded that he could not return to his former employment but was capable of performing sedentary work without enduring significant pain. Despite the fact that there had been no change in Gauthier's condition, in March of 1985, Gauthier's attorney initiated negotiations with General Accident indicating a willingness to compromise Gauthier's claim for $60,000.00. In May of that year, Gauthier was interviewed by a rehabilitation service employed by General Accident, but during the next year and one-half, neither the service nor Gauthier was successful in procuring a suitable job for Gauthier. In June of 1986, Dr. Davidson again examined Gauthier and found that he had developed some arthritic changes in his foot but his limitations would be essentially the same as they had been in 1984.
On January 7, 1987, Gauthier and defendants submitted to the court a "Joint Petition for Compromise Settlement of Workmen's Compensation Claim" (the "compromise"). Section five of the petition states that:
A substantial and bona fide dispute exists between the parties with the employer and insurer contending that the employee is not disabled and is able to return to work without any disability. The employee on the other hand contends that he is totally and permanently disabled within the meaning of the Louisiana workmen's compensation laws.
The parties agreed to "compromise and settle all claims for benefits" for $29,000.00.[1] The trial judge, approving the *464 compromise, rendered judgment in favor of Gauthier and against defendants for $29,000.00. The judgment further provided that upon payment of the judgment, defendants would be discharged from all further liability to Gauthier. On the same day, General Accident paid the $29,000.00 in exchange for a release from Gauthier.
In December of 1987, Gauthier, now represented by different counsel, brought this action for additional worker's compensation benefits. He claimed that the January 7, 1987 compromise was in fact a lump sum settlement and that $29,000.00 represented an amount discounted at a rate greater than eight percent per annum in contravention of La.R.S. 23:1274. Gauthier alleges that if the lump sum settlement had been discounted in compliance with the statute, he was due $114,925.68, almost four times the value of the initial compromise. Thus, Gauthier claims that under the penalty provision of La.R.S. 23:1274(B), the compromise should be set aside and he should be awarded $172,388.52 (calculated as $114,925.68 × 1.5) less $29,000.00 (the amount already paid in the compromise of January 1987), equalling $143,388.52.
The same trial judge, who had signed the January 7, 1987 judgment approving the joint petition for compromise and settlement, ruled in favor of Gauthier and canceled, annulled, and set aside the January 1987 judgment and reinstated the August 31, 1984 judgment awarding Gauthier $183.00 a week in worker's compensation benefits. The judge ordered that defendants were entitled to a credit of the $29,000.00 paid in January of 1987, which was equal to 158.47 weeks of compensation. In his oral reasons for judgment, the trial judge determined that there had been no change in Gauthier's condition between the 1984 judgment and the 1987 compromise, and that absent a change in condition, there can be no basis for a compromise. Thus the agreement was a lump sum settlement entered into in violation of section 1274. However, the trial judge found that the parties had been in good faith in negotiating the compromise, and relying on Puchner v. Employers' Liability Assurance Corp., 198 La. 921, 5 So.2d 288 (1941), declined to impose the penalty provision of La.R.S. 23:1274(B).
Defendants appealed alleging that the compromise was not a lump sum settlement but a compromise of a disputed claim. Gauthier answered, seeking penalties under La.R.S. 23:1274(B). The court of appeal affirmed, finding that there was no bona fide dispute and that this agreement violated La.R.S. 23:1274(A). Finding the parties were in good faith, the court declined to impose penalties.[2] Gauthier applied to this court for writs, seeking enforcement of the penalty provision of section 1274(B). We granted his application for certiorari to consider whether the penalty imposed by La.R.S. 23:1274(B) is mandatory, and if so, in what manner it should be paid.[3]
At the time of the compromise judgment, section 1274 provided in pertinent part:[4]

*465 A. The amounts payable as compensation may be commuted to a lump sum settlement by agreement of the parties when the agreement is approved by the director or by a proper court as provided in this Part. In a lump sum settlement, the payments due the employee or his dependent shall not be discounted at a greater rate than eight percent per annum.
B. If a lump sum settlement is made without the approval of the director or a proper court, or at a discount greater than eight percent per annum, even if approved by the director or a proper court, the employer shall be liable for compensation at one and one-half times the rate fixed by this Chapter. At any time within two years after the date of the payment of such lump sum settlement and notwithstanding any other provision of this Chapter, the claimant shall be entitled to demand and receive in a lump sum from the employer such additional payment as, together with the amount already paid, will aggregate one and one-half times the compensation which would have been due but for such lump sum settlement. (emphasis added.)
The legislature could not have been clearer about its intent to impose mandatory penalties for the violation of section 1274. It established in no uncertain terms that a lump sum settlement shall not be discounted at greater than eight percent per annum. The legislature further mandated that if the lump sum settlement is made at a discount greater than eight percent per annum, even if approved by a court, the employer shall be liable for a penalty equal to one and one-half times the amount fixed by this Chapter. It also provided that an employee shall be entitled to "demand and receive" the amount due in a lump sum. The language of the statute is clear and unambiguous, and should be applied as written. La.Civ.Code art. 9; La. R.S. 1:3. Accordingly, the penalty is mandatory when a lump sum settlement is made in contravention of the statute.
This reading of section 1274 is consistent with the underlying purpose of the Worker's Compensation Act. The manifest purpose of the statute is to provide weekly benefits and not lump sum payments. It was passed not only in the interests of the employer and employee but in the interest of the general welfare, and thus section 1274 prohibits parties from settling claims in contravention of the Act. Section 1274 protects an injured employee from the temptation of an illegal lump sum settlement, which may appear attractive to an injured worker, but which is not sufficient to provide the ongoing support contemplated by the Act. If we were to find that the penalty is not mandatory, we would encourage employers to settle claims for less than the amount prescribed by section 1274(A). This requirement is so essential to the statutory plan that legislative intent would be frustrated by non-compliance. See Sanders v. Department of Health & Human Resources, 388 So.2d 768, 770 (La. 1980).
The courts below declined to impose the penalty, applying the "good faith" exception from Puchner v. Employers' Liability Assurance Corp., 198 La. 921, 5 So.2d 288 (1941). Puchner was decided in 1941 by a divided court on rehearing[5] and involved unique circumstances. First, there was a factual question as to the existence of a dispute. Second, at the time of that decision, the jurisprudence was ambiguous concerning parties' rights to compromise. W. Malone & H. Johnson, 14 Louisiana Civil Law Treatise, Workers' Compensation § 387, at 276-77 (1980). The Puchner court held that "were it not for the circumstances in [that] case" it would have felt compelled to impose the mandatory provision of the statute. Puchner, 5 So.2d at 296. Presumably, attorneys and judges are always in good faith in settlement agreements, and thus if we were to *466 adopt the "good faith" exception, we would render subsection B meaningless. Therefore, Puchner is overruled in so far as it conflicts with this decision. Hence, there is no good faith exception to the mandatory provisions of section 1274.
We now address the question of the proper manner of payment. The statute provides that if the parties enter into a lump sum settlement in violation of section 1274(A), the employer "shall be liable for compensation at one and one-half times the rate fixed by this Chapter." If the statute had stopped here, we would have been obliged to award Gauthier weekly compensation benefits of $183.00 × 1.5. However, the statute continues and provides:

notwithstanding any other provision of this Chapter, the claimant shall be entitled to demand and receive in a lump sum from the employer such additional payment as, together with the amount already paid, will aggregate one and one-half times the compensation which would have been due but for such lump sum settlement. (emphasis added.)
Thus, Gauthier is entitled to receive from defendants in a lump sum one and one-half times the amount due under the statute less the $29,000.00 already paid, plus legal interest on that sum from January 7, 1987 until paid, minus any additional weekly payments made by defendants since that date together with legal interest from the date of each payment until the judgment is paid. Since the record does not reveal the information necessary to calculate the correct lump sum settlement due under the statute or the amount of weekly payments made by defendants since January 7, 1987, we must remand the case to the district court to fix the correct amount due to Gauthier in compliance with this decision.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed in part and reversed in part, and the case is remanded to the district court to fix the amount due to Gauthier in compliance with this decision. All costs are assessed against INAMCO, Inc. and General Accident Fire & Life Assurance Corporation.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The penalty provided by La.Rev.Stat. 23:1274 B should be imposed when the employer (or the insurer) arbitrarily presents a lump sum settlement to the court as a compromise of a disputed claim.
Here, a worker's compensation claimant had a judgment decreeing total and permanent disability, and there was no evidence of a change in the claimant's condition after the judgment. The insurer therefore had no reasonable basis to assert to the court that the settlement of the claim was a compromise of a dispute rather than a lump sum settlement of the claim which had been reduced to judgment. Under these circumstances La.Rev.Stat. 23:1274 B prohibited the insurer from making a lump sum settlement at a discount rate of more than eight percent and mandated liability for compensation at 150% when the insurer did so.[1] Since there was no evidence of a change in condition after the judgment awarding benefits, the insurer could not have been in legal good faith.
I would save for another day the issue whether the insurer can ever be in good faith so as to escape the penalty under Section 1274 B.
NOTES
[1] The Worker's Compensation statute allows parties to compromise claims. For purposes of this agreement, the applicable law was La.R.S. 23:1271 prior to its amendment in 1983. It provided:

Whenever a bona fide dispute exists between the employee or his dependents on the one hand, and the employer or his insurer on the other, as to liability or coverage under this Chapter, whether the injuries complained of are compensable, the existence, extent or duration of the injury or disability involved, the amount of compensation due the injured employee, or his dependents, or any other matter or thing affecting the right of the claimant to recover compensation hereunder, the interested parties shall have the right to compromise and settle such bona fide dispute, including the manner in which compensation is to be paid, by agreement to be approved by a district court in any parish of the state, at the option of the employee or his dependents, provided that an attorney who has not been appointed by the court is representing the employee or his dependents.
For policies issued after July 1, 1983, the statute has been revised. La.Acts 1983, 1st. Ex.Sess., No. 1, § 1.
[2] 561 So.2d 137 (La.App. 3d Cir.1990).
[3] 565 So.2d 950 (La.1990).
[4] Amendments to this section were adopted by the legislature in 1988 but did not become effective until January 1, 1990. La.Acts 1988, No. 938, § 1. The statute as amended has deleted any reference to court approval of settlements. See also La.Acts 1989, No. 23, § 1.
[5] On first hearing, the court imposed the statutory penalty. On first rehearing, four members of the court determined that the penalty was not appropriate due to the fact that defendants had been confused by earlier decisions interpreting the statute. On second rehearing, the court, in a divided per curiam decision, created the "good faith" exception.
[1] In Puchner v. Employers' Liability Assurance Corp., 198 La. 921, 5 So.2d 288 (1941), this court did not impose the penalty because of conflicting jurisprudence on the subject. Perhaps even more significantly, the claimant did not have a judgment adjudicating his entitlement to total and permanent disability benefits.