| iPETERS, Judge.
The claimant, Alexson Trahan, appeals a judgment denying his motion for penalties and attorney fees for the failure of his employer, John F. Reggie, Inc., to allow negotiation of cheeks payable under a consent judgment because Mr. Trahan refused to sign a Satisfaction of Judgment.
DISCUSSION OF THE RECORD
On August 14, 1997, the workers’ compensation judge signed a consent judgment stating that John F. Reggie, Inc. and Napoleon Services, Inc. were responsible to Alexson Trahan for workers’ compensation benefits resulting from a March 21, 1995 accident in the course and scope of Mr. Trahan’s employment with John F. Reggie, Inc. The consent judgment awarded Mr. Trahan past weekly compensation benefits of $29,500.00, penalties of $500.00, and attorney fees of $10,000.00 and ordered that the defendants pay Mr. Trahan weekly compensation benefits of $323.00 per week beginning August 1, 1997, until further orders, as well Ras all reasonable and necessary medical expenses.
On August 28, 1997, the defendants’ attorney wrote a letter to Mr. Trahan’s attorney, stating in part:
Enclosed please find our client’s settlement drafts in the amounts of $500.00 made payable to Alexson Trahan and his attorney, Michael Miller, $10,000.00 made payable to Michael Miller, and $29,500.00 made payable to Alexson Trahan which represent satisfaction of the Consent Judgment in the above-referenced matter. Also enclosed is a Satisfaction of Judgment which we request you sign and return to us for filing.
The Satisfaction of Judgment provided:
NOW INTO COURT, through undersigned counsel, comes plaintiff, Alexson Trahan, and upon showing to the Court that the Judgment entered in the above-numbered and styled cause on the 14th *96 day of August, 1997, has been fully paid and satisfied, and that the lump sums set forth in the Judgment in the amounts of $29,500.00, $500.00 and $10,000.00 adjudicated in favor of plaintiff and against defendants, John F. Reggie, Inc., and Napoleon Services, Inc., have been fully paid and satisfied, and that the sums adjudicated in favor of plaintiff and against defendants, John F. Reggie, Inc., and Napoleon Services, Inc., have been distributed according to the Judgment set forth by this Honorable Court; and that accordingly, the Clerk of Court is directed to mark the said Judgment satisfied to the extent set forth above, cancelling all bonds and prior orders of this Court issued and entered in connection therewith.
On August 29,1997, Mr. Trahan’s attorney wrote a letter to the defendants’ attorney, acknowledging receipt of the drafts and that the drafts were correct. However, Mr. Tra-han’s attorney refused to sign the Satisfaction of Judgment and asked whether he could still negotiate the checks. On September 2, 1997, the defendants’ attorney asked Mr. Trahan’s attorney to explain why he could not sign the Satisfaction of Judgment. On September 5, 1997, Mr. Trahan’s attorney responded that the judgment also encompassed ongoing obligations and that it was his opinion that the judgment had not been satisfied. It was also his opinion that Mr. Trahan was not required to sign any Satisfaction of Judgment. He again asked for permission to | -¡negotiate the checks without signing the Satisfaction of Judgment.
On September 23,1997, Mr. Trahan filed a Motion and Order for Penalties and Attorney’s Fees, seeking twenty-four percent penalties o,n all amounts due under the consent judgment, including interest, as well as reasonable attorney fees. On October 16, 1997, the defendants’ attorney faxed Mr. Trahan’s attorney a revised Satisfaction of Judgment. The revised Satisfaction of Judgment provided:
NOW INTO COURT, through undersigned counsel, comes plaintiff, Alexson Trahan, and upon showing to the Court that the Judgment entered in the above-numbered and styled cause on the 14th day of August, 1997, has been paid and satisfied, as to the lump sums set forth in the Judgment in the amounts of $29,500.00, $500.00 and $10,000.00 only. These sums adjudicated in favor of plaintiff and against defendants, John F. Reggie, Inc., and Napoleon Services, Inc., have been fully paid and satisfied, and that the sums adjudicated in favor of plaintiff and against defendants, John F. Reggie, Inc., and Napoleon Services, Inc., have been distributed according to the Judgment set forth by this Honorable Court.
This payment satisfies only those past obligations which have been resolved pursuant to compromise and consent judgment entered on August 14, 1997, and is not applicable to any ongoing obligation or commitment of any party hereto.
Accordingly, the Clerk of Court is directed to mark the said Judgment satisfied to the extent set forth above, cancelling all bonds and prior orders of this Court issued and entered in connection therewith.
Mr. Trahan did not execute the revised Satisfaction of Judgment.
A hearing was held on November 21,1997. On January 13,1998, the workers’ compensation judge signed a judgment denying Mr. Trahan’s Motion and Order for Penalties and Attorney’s Fees. Mr. Trahan appeals.
OPINION
Mr. Trahan contends that the workers’ compensation judge erred in failing to award penalties and attorney fees in connection with the defendants’ failure to pay the judgment within thirty days. La.R.S. 23:1201(G) provides in part:
If any award payable under the terms of a final, nonappealable | ^judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control.... *97 The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
In Meche v. Foremost Management Corp., 95-288 (La.App. 3 Cir. 10/4/95); 663 So.2d 325, following a judgment in favor of the claimant and an affirmation of the judgment on appeal, the defendants issued a draft made payable to the claimant for past-due supplemental earnings benefits. However, the defendants conditioned the negotiation of the draft upon the claimant signing a document authored by the defendants and entitled “Receipt, Release and Satisfaction of Judgment.” The claimant refused to negotiate the draft as conditioned, ultimately returning the check to the defendants when they refused to remove the condition. The defendants then filed a Rule to Show Cause why the claimant should not be ordered to sign the document. The claimant responded by filing, among other things, a motion for attorney fees and penalties. The workers’ compensation judge granted the defendants’ rule and denied the claimant’s motion. On appeal, the third circuit reversed as to those issues. Specifically, the third circuit concluded that as a judgment debtor, the workers’ compensation insurer was obligated to unconditionally tender payment of the judgment, as required by law, and. that the insurer did not do so. Additionally, the third circuit found that the workers’ compensation judge abused her discretion in failing to award penalties for the failure to timely pay after the initial appeal became final, stating that “[t]o avoid penalties, there must be an unconditional tender.” Id. at 328. This court also awarded attorney fees. This court found that the insurer’s course of conduct was arbitrary, capricious, or without probable cause, “especially if one considers ... Rthat the defendants had other avenues of recourse of which they could have availed themselves, such as obtaining a satisfaction and cancellation of judgment from the court....” Id. at 329.
It appears that the defendants seek to distinguish Meche on the ground that Meche involved a considered rather than a consent judgment. In Meche, this court did find important the fact that there was a judgment rather than a settlement:
We begin by first noting that [the insurer] owes [the claimant] under a judgment rendered by the hearing officer and affirmed by this court, and not pursuant to a settlement voluntarily arrived at between the parties. As judgment debtor, [the insurer] is obligated to unconditionally tender payment of the judgment, as required by law ....
Id. at 327.
However, the instant ease also involves a judgment (and not a settlement), albeit by consent, and the defendants are no less judgment debtors than had the judgment been a considered one. Additionally, our brethren of the fourth and fifth circuits have held that the twenty-four-percent penalty is applicable to the failure to timely pay under a consent judgment. See Geason v. Harmony Constr., 95-367 (La.App. 5 Cir. 11/15/95); 665 So.2d 485; Harrison v. Louisiana State Univ. Med. Ctr., 623 So.2d 707 (La.App. 4 Cir.1993). Therefore, as in Meche, the defendants were obligated to unconditionally pay under the consent judgment.
Additionally, it appears that the defendants seek to distinguish Meche on the ground that at no time did they request or advise Mr. Trahan’s attorney not to negotiate the funds in question. Mr. Trahan’s attorney testified at the hearing on the matter that at a status conference he asked the defendants’ attorney if he could cash the checks and the defendants’ attorney told him he could not unless he signed the document. The defendants’ attorney testified that he did not answer Mr. Trahan’s attorney when asked if he could sign the checks but specifically addressed to the workers’ compensation | 6judge whether he should be required to sign the satisfaction of judgment. Whether the defendants’ attorney expressly requested or advised Mr. Trahan’s attorney not to negotiate the funds does not sufficiently address the issue. Rather, it is clear from a reading of the correspondence that the defendants conditioned negotiation of the funds upon the execution of the Satisfaction of Judgment. Specifically, in the letter dated October 16, 1997, defendants’ counsel stated: “Your exe *98 cution of the revised Satisfaction of Judgment will enable your client to receive his settlement funds immediately upon execution.” Again, in a letter dated October 30, 1997, the defendants’ counsel stated: “Your execution of the revised Satisfaction of Judgment would have enabled your client to receive his settlement funds immediately upon your execution of the Satisfaction of Judgment.” Since the negotiation of the funds was conditioned upon the execution of the judgment, the tender was not unconditional.
Therefore, as in Meche, penalties and attorney fees should have been awarded. The consent judgment was rendered and signed on August 14, 1997, and the defendants have not yet made an unconditional tender under the judgment. Therefore, under La.R.S. 23:1201(G), we award penalties of $3,000.00 and attorney fees of $3,000.00.
Mr. Trahan asserts that he is also entitled to legal interest on the amount of the judgment per 23:1201.3(A), which provides in part that “[a]ny compensation awarded and all payments thereof directed to be made by order of the workers’ compensation judge shall bear judicial interest....” The workers’ compensation judge “awarded” compensation under the consent judgment. Therefore, judicial interest is due on the compensation awarded.
DISPOSITION
For the foregoing reasons, we reverse the judgment of the workers’ ^compensation judge denying Mr. Trahan’s Motion and Order for Penalties and Attorney’s Fees. We award penalties of $3,000.00 and attorney fees of $3,000.00. We also recognize that Mr. Trahan is entitled to judicial interest on the consent judgment. We assess costs of this appeal to the defendants.
REVERSED AND RENDERED.