829 So.2d 1147 (2002)
Morris M. RICHARD, Jr.
v.
OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.
No. 02-0571.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
Philip E. Roberts, Roy, Bivins, Judice, Roberts & Wartelle, Lafayette, LA, for Our Lady of Lourdes Regional Medical Center, Inc.
Shannon Seiler Dartez, Hurlburt, Privat & Monrose, Lafayette, LA, for Morris M. Richard, Jr.
Court composed of ULYSSES GENE THIBODEAUX, OSWALD A. DECUIR, and JIMMIE C. PETERS, Judges.
*1148 DECUIR, Judge.
Defendant, Our Lady of Lourdes Regional Medical Center, Inc., appeals from a judgment against it for penalties and attorney's fees. We affirm.

FACTS
Morris Richard, Jr., filed a claim for workers' compensation benefits against his employer, Our Lady of Lourdes Regional Medical Center, Inc., on September 5, 2000. The case was set for trial for August 30, 2001. At that time, the parties appeared before the workers' compensation judge and recited the terms of a settlement agreement between the parties. When defendant had failed to pay the settlement by October 5, 2001, Richard filed a Motion to Enforce Settlement Agreement. After a hearing on November 1, 2001, the workers' compensation judge found that defendant had paid the settlement, but the payments were not timely. Consequently, the workers' compensation judge awarded Richard penalties in the amount of $3,000.00 and attorney's fees of $1,500.00 pursuant to La.R.S. 23:1201(G). Defendant lodged this appeal.

DISCUSSION
On appeal, defendant contends that the workers' compensation judge erred in awarding the penalties and attorney's fees under La.R.S. 23:1201(G). Specifically, defendant argues that the statute authorizes penalties and attorney's fees for the failure to pay the terms of a final, non-appealable judgment within thirty days. Defendant contends that the settlement agreement in this case does not constitute a final, nonappealable judgment.
In 1999, the legislature amended La.R.S. 23:1272(A) to provide:
A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.

(Emphasis added.)
Prior to 1999, in Borne v. St. John The Baptist Parish School Board, 97-1062 (La. App. 5 Cir. 3/11/98); 712 So.2d 921, 923, writ denied, 98-0807 (La.5/8/98); 719 So.2d 52, the court said:
In this case, we hold that the Order by the hearing officer is a judgment within the meaning of the statute. Under the law, the hearing officer was required to make certain findings before approving the payment. La.R.S. 23:1272. The Order of approval was not automatic. Further, this was a lump sum payment of benefits owed and not a contested matter. Since the Order is nonappealable under R.S. 23:1272, we find that the hearing officer did not err in finding that R.S. 23:1201 G applies.
Likewise, the fourth circuit, when faced with the question of whether the workers' compensation judge correctly found that a document styled a "resolution" was a final, non-appealable judgment, said:
Since the "Resolution" was an agreement on the terms of the settlement, TMSEL RTA's counsel certainly had authority to compromise and bind his client. No issue was unresolved. A binding settlement had been reached. We agree with the conclusions of the Hearing Officer.
Johnson v. TMSEL, RTA, 95-1352 (La. App. 4 Cir. 2/15/96); 669 So.2d 1309, 1311.
Thus, prior to the amendment, writings not typically considered judgments were considered final, non-appealable judgments by the courts. The language of the 1999 amendment closely tracks La.Civ.Code art. *1149 3071 dealing with transaction or compromise, which states in part:
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
(Emphasis added.)
The amendment to La.R.S. 23:1272 broadens the available avenues for settling workers' compensation claims. Clearly the legislature intended the recitation in open court to have the same effect as the previously approved forms of settlement. The settlement of a workers' compensation claim is substantially the same as a transaction or compromise. An oral recitation of a transaction or compromise in open court which is capable of transcription is judicially enforceable. Likewise, we find the workers' compensation judge was correct in finding that the oral recitation of the workers' compensation settlement agreement by the parties in open court, which was capable of transcription, is a final, non-appealable judgment for the purposes of La.R.S. 23:1201(G).

CONCLUSION
For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Our Lady of Lourdes Regional Medical Center, Inc.
AFFIRMED.