# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 03-827

RONALD K. TRAHAN

VERSUS

COCA COLA BOTTLING COMPANY UNITED, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 00-08339
HONORABLE CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION JUDGE

**********

## JIMMIE C. PETERS
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**AFFIRMED AND RENDERED.**

**Michael B. Miller**
**Attorney at Law**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ronald K. Trahan**

**Henry G. Terhoeve**
**Guglielmo, Marks, Schutte, Terhoeve & Love**
**P. O. Box 3177**
**Baton Rouge, LA 70821**
**(225) 387-6966**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Coca Cola Bottling Company United, Inc.**

PETERS, J.

In this workers' compensation case, the employer, Coca Cola Bottling Company United, Inc. (Coca Cola), appeals a judgment awarding the employee, Ronald K. Trahan, penalties and attorney fees for its failure to pay a purported settlement entered into in open court. Coca Cola also appeals an order allowing Mr. Trahan to file the settlement judgment into the mortgage records of the district court. Mr. Trahan has answered the appeal, seeking additional attorney fees for work done on appeal. For the following reasons, we affirm the judgment and order below and award additional attorney fees in the amount of $2,500.00.

## DISCUSSION OF THE RECORD

On October 21, 2002, Coca Cola and Mr. Trahan entered into a settlement, with Coca Cola's attorney reciting the terms of the settlement in open court as follows:

> [M]y client has agreed to pay the following sums to Mr. Trahan at this point. We'll pay the total sum of $27,500. We're also agreeing that if there are some copayments that he has made from Ardoin Drugs that we will reimburse him those. We will be responsible for any medical bills that have been -- that are unpaid that are related to the incident in accordance with the schedule. Those will be paid to the respective providers in that instance whenever there are bills like that. We don't know exactly if there are any, and if there are, what they are.
>      Mr. Trahan has reserved rights to future compensation, future claims hereafter. Mr. Trahan, I believe, will also state on the record that he is unaware of any outstanding medical bills that have not been paid other than those that were discussed at the first part of this trial in July.

Mr. Trahan's attorney voiced his agreement on the record, and Mr. Trahan personally informed the WCJ at that time that there were in fact no outstanding medicals of which he was aware other than those already presented. The WCJ "accept[ed] and approve[d] the settlement as presented" and stated that she would "sign off on documents once they're presented."

By letter dated October 24, 2002, Coca Cola's attorney informed Mr. Trahan's attorney that he was forwarding a check in the amount of $27,500.00, a receipt and

release, and a motion to dismiss without prejudice. Coca Cola's attorney also stated in the letter: "The check is not to be cashed until the release and motion are signed and returned to me at my office."

Mr. Trahan's attorney responded by a letter dated November 12, 2002, that he was "not sure whether or not this Receipt and Release accurately reflects our stipulation." He requested that Coca Cola's attorney obtain a copy of the transcript so that he could "be assured that the Receipt and Release accurately reflects our stipulation." Further, Mr. Trahan's attorney requested permission to negotiate the check, stating: "As you know, we have the stipulation in the record which is enforceable. A Receipt and Release is not necessary." Mr. Trahan's attorney did agree to eventually sign the motion to dismiss.

Thereafter, on several occasions, Coca Cola's attorney requested that Mr. Trahan's attorney advise him about what his objections were to the receipt and release document. Mr. Trahan's attorney continued to request authorization to negotiate the check. On December 13, 2002, Mr. Trahan's attorney submitted a copy of a receipt and release which he had prepared and informed Coca Cola's attorney that this receipt and release would be signed after the settlement check was "put into the bank and clear[ed] the bank."

On December 27, 2002, Mr. Trahan filed a motion for penalties and attorney fees, alleging that Coca Cola would not allow him to negotiate the settlement check unless he executed the receipt and release. On February 17, 2003, the matter came up for hearing on the merits, at which time the WCJ orally rendered judgment in favor of Mr. Trahan. On April 3, 2003, the WCJ reduced her ruling to a written judgment in favor of Mr. Trahan, stating therein that Coca Cola "did not pay the judgment rendered on October 21, 2002, within thirty days." The WCJ ordered Coca Cola to

2

pay Mr. Trahan a 24% penalty as well as attorney fees of $2,500.00.

In the meantime, on March 17, 2003, Mr. Trahan additionally filed a Motion and Order to File Judgment into the Mortgage Records of the District Court regarding the settlement entered into on October 21, 2002. On that same date, the WCJ ordered that a certified copy of the transcript of the hearing wherein the award was made be delivered to Mr. Trahan's attorney for recording purposes.

Coca Cola has appealed the March 17, 2003 order and the April 3, 2003 judgment as follows:

1) The trial court erred in determining that a "final and enforceable" settlement had been reached on October 21, 2002 in its February 17, 2003 ruling.
2) The trial court erred in determining that a "final and enforceable" settlement had been reached in finding Coke liable for penalties, attorney's fees and interest in its February 17, 2003 ruling.
3) The trial court erred in awarding penalties, attorney's fees and interest for Coke's "failure" to pay the purported settlement in its February 17, 2003 ruling.
4) The trial court erred in failing to admit certain testimony of Ronald K. Trahan at the February 17, 2003 hearing.
5) The trial court erred in granting Plaintiff's *ex parte* "Motion and Order to File Judgment Into Mortgage Records of the District Court" on March 17, 2003.

Mr. Trahan has answered the appeal, seeking additional attorney fees for work done on appeal.

## OPINION

### *Coca Cola's Appeal*

Louisiana Revised Statutes 23:1272(A) provides:

A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, *or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.*

(Emphasis added.)

3

The language permitting recitation of the terms of the settlement in open court was added by 1999 La. Acts No. 776, § 1. In *Richard v. Our Lady of Lourdes Regional Medical Center, Inc.*, 02-0571, p. 3 (La.App. 3 Cir. 10/30/02), 829 So.2d 1147, 1149 (emphasis added), we explained:

> The amendment to La.R.S. 23:1272 broadens the available avenues for settling workers' compensation claims. Clearly the legislature intended the recitation in open court to have the same effect as the previously approved forms of settlement. The settlement of a workers' compensation claim is substantially the same as a transaction or compromise. An oral recitation of a transaction or compromise in open court which is capable of transcription is judicially enforceable. Likewise, . . . *the oral recitation of the workers' compensation settlement agreement by the parties in open court, which was capable of transcription, is a final, non-appealable judgment for the purposes of La.R.S. 23:1201(G).*

See also *Sedgwick Claims Mgmt. Serv., Inc. v. Cormier*, 02-1216 (La.App. 3 Cir. 3/26/03), 841 So.2d 1032, *writ denied*, 03-1185 (La. 6/20/03), 847 So.2d 1234.

Thus, in the instant case, the oral recitation of the October 21, 2002 settlement agreement by Mr. Trahan and Coca Cola in open court is a final, nonappealable judgment for purposes of La.R.S. 23:1201(G). Louisiana Revised Statutes 23:1201(G) provides:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. . . . The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

Coca Cola did not authorize payment within thirty days after October 21, 2002, instead making such authorization contingent on the signing of the receipt and release. Once the terms of a settlement are recited in open court and approved by the WCJ, the

4

terms of the settlement are enforceable by the parties against each other. *Cormier v. Ellender's Portable Bldg.*, 00-1595 (La.App. 3 Cir. 2/28/01), 781 So.2d 776.

In *Trahan v. John F. Reggie, Inc.*, 98-295 (La.App. 3 Cir. 10/7/98), 720 So.2d 95, the WCJ signed a consent judgment awarding the employee indemnity and medical benefits, penalties, and attorney fees. Thereafter, the employers' attorney forwarded a letter to the employee's attorney, stating in part: "Enclosed please find our client's settlement drafts . . . which represent satisfaction of the Consent Judgment . . . . Also enclosed is a Satisfaction of Judgment which we request you sign and return to us for filing." *Id.* The employee's attorney refused to sign the Satisfaction of Judgment and inquired as to whether or not he could still negotiate the settlement checks. The issue progressed, as in the instant case, through correspondence, and the employee's attorney ultimately filed a motion for penalties and attorney fees. We held that the employers "were obligated to unconditionally pay under the consent judgment," and we awarded penalties and attorney fees for the employers' failure to do so. *Id.* at 97; *see also Meche v. Foremost Mgmt. Corp.*, 95-238 (La.App. 3 Cir. 10/4/95), 663 So.2d 325, *writ denied*, 96-152 (La. 3/15/96), 669 So.2d 429. Likewise, in the instant case, Coca Cola was required to unconditionally pay under the settlement, and it did not do so.

Nevertheless, Coca Cola argues that the October 21, 2002 agreement was not a final and enforceable settlement because La.R.S. 23:1272(A) is not applicable to the October 21, 2002 agreement. Specifically, it is Coca Cola's position that La.R.S. 23:1272(A) allows for recitation of the terms of a settlement in open court only where there has been "[a] lump sum or compromise settlement entered into by the parties under R.S. 23:1271."

Louisiana Revised Statutes 23:1271(A) provides:

It is stated policy for the administration of the workers' compensation system of this state that it is in the best interest of the injured worker to receive benefit payments on a periodic basis. A lump sum payment or compromise settlement *in exchange for full and final discharge and release* of the employer, his insurer, or both from liability under this Chapter shall be allowed only:

(1) Upon agreement between the parties, including the insurer's duty to obtain the employer's consent;

(2) When it can be demonstrated that a lump sum payment is clearly in the best interests of the parties; and

(3) Upon the expiration of six months after termination of temporary total disability. However, such expiration may be waived by consent of the parties.

(Emphasis added.)

Because the agreement recited in open court was not a "lump sum payment or compromise settlement" for the "full and final discharge and release of the employer" from all past, present, and future liability, but rather was only a partial settlement, Coca Cola asserts that it did not fit within the purview of La.R.S. 23:1271 for purposes of the application of La.R.S. 23:1272 such that the oral recitation was not an enforceable settlement. Coca Cola cites *Puchner v. Employers' Liability Assurance Corp.,* 198 La. 921, 5 So.2d 288 (1941),[1] in support of its position in this regard. In that case, the supreme court stated: "A lump sum settlement as provided for in the Act means nothing more or less than that the entire amount of compensation due the employee is paid at one and the same time, as distinguished from weekly payments provided for in the Act." *Id.* at 296.

Initially, we note that *Puchner* involved a different issue and different version of the Act than that now before us. In *Puchner,* the employee and employer were operating under the erroneous belief that the employee's disability was temporary and would resolve within a reasonable time. The employer paid the full compensation to

---

[1]Overruled in part on other grounds in *Gauthier v. General Accident Fire & Life Assurance Corp.*, 573 So.2d 462 (La.1991).

which the employee was entitled during the period of his admitted disability, and the employer and employee compromised the remainder of the claim for any future temporary disability. However, later it was determined that the employee was permanently disabled, and he sought to set aside the judgment whereby he compromised his claim. The supreme court concluded that the parties could not settle a compromise claim in contravention of the applicable law. The court explained that (as quoted by Coca Cola) "[a] lump sum settlement as provided for in the Act means nothing more or less than that the entire amount of compensation due the employee is paid at one and the same time, as distinguished from weekly compensation payments provided for in the Act." *Id.* In that case, the attempted settlement resulted in the employee receiving less than one-fourth of the amount to which he was entitled, which the court found to be "an ample illustration of just how far the letter and spirit of the Act can be destroyed by the sanction of speculation as to the duration of an employee's disability." *Id.* The court concluded that "it was intended that the injured employee should receive compensation during his disability in an amount with a degree of certainty," referencing the applicable fee schedule. *Id.*

The holding in *Puchner* focused on the employee's receipt of all benefits to which he was entitled under the then-existing version of the Act; it did not purport to establish a bright-line rule for purposes of our present statute that an employee may not partially settle his claim for past-due benefits while reserving to himself his right to claim future benefits to which he might be entitled. In fact, the partial settlement in the case at hand comports with the spirit of *Puchner* in that Mr. Trahan benefits from having his past-due payments paid out as well as from being able to seek future benefits so that he ultimately receives all benefits which he is due.

"The starting point for the *interpretation* of any statute is the language of the

7

law itself." *Gregor v. Argenot Great Cent. Ins. Co.*, 02-1138, p. 6 (La. 5/20/03), 851 So.2d 959, 964 (footnote omitted). The first sentence of La.R.S. 23:1271(A), in keeping with the beneficent and humanitarian purposes of the Workers' Compensation Act, functions to specify and establish that the policy of this state is that it is in the best interest of the injured worker to receive benefit payments on a *periodic basis* rather than in lump sum or otherwise. Clearly, the legislature was concerned with protecting the worker's receipt of compensation.

However, in the context of setting forth that policy, the second sentence of La.R.S. 23:1271(A) functions to allow an exception to the stated policy for a "lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer . . . from liability" "*only*" where the specified conditions are met. (Emphasis added.) Compliance with the specified conditions is necessary so that the best interest of the worker is not disregarded. Importantly, the language of the statute does not make settlement contingent on the full and final discharge and release of the employer, but makes a settlement that grants a full and final discharge and release of the employer from liability contingent on the conditions listed, including that the settlement be in the best interests of the parties and by mutual agreement of the parties. We see nothing in the language of La.R.S. 23:1271 or La.R.S. 23:1272 that even suggests that the legislature intended to preclude partial settlements of workers' compensation claims.

In fact, the partial settlement in the instant case comports with the stated policy of La.R.S. 23:1271(A) that payments on a periodic basis are in the best interest of the worker in that, under the terms of the settlement in the instant case, Mr. Trahan may continue to receive future benefits on a periodic basis. The partial settlement reduces only Mr. Trahan's past-due benefits to a lump sum payment. Even so, technically, the

8

settlement effected a full and final release of Coca Cola from all liability for past-due benefits. Thus, we reject Coca Cola's argument in this regard.

Coca Cola also argues that there was no settlement because there was no "meeting of the minds." Coca Cola asserts that "[t]he exchange of correspondence [following its forwarding of the check and receipt and release] is a clear indication that **from the very beginning**, [Coca Cola] (and [Coca Cola's] counsel) did not believe that a 'final and enforceable' settlement had been entered into **because they considered the execution of a 'Receipt and Release' by [Mr. Trahan] (and the termes [sic] contained therein) to be a condition of the settlement**."

We reject this argument. Coca Cola's attorney recited the terms of the settlement in open court, and with a great deal of specificity. He could have easily mentioned the receipt and release in the settlement. Even so, Coca Cola misconstrues the nature of its obligation under the settlement. As set forth above, once the settlement was recited in open court, it became a final, nonappealable judgment that was immediately enforceable. Coca Cola could not thereafter unilaterally condition authorization to negotiate the settlement proceeds on the signing of a receipt and release.

Additionally, Coca Cola argues that there was no settlement because there was no acknowledgment by the parties as required by La.R.S. 23:1272(A). Specifically, Coca Cola asserts: "There is no record of the trial court inquiring of [Mr. Trahan] as to whether his attorney had explained the settlement terms and the effects of the settlement to him and/or that he understood the settlement terms and the effects of the settlement." Coca Cola additionally asserts that "[t]he purpose of this requirement [acknowledgment by the parties in open court] is apparent on its face: it is to make sure that the settling parties themselves (*particularly the employee*) understand the

9

ramifications and outcomes that will result from the terms and conditions recited into the record by their attorneys."

The attorneys acknowledged on the record the terms of the settlement, but the WCJ did not specifically ask Mr. Trahan, who was present at the recitation, if he agreed to the terms of the settlement. Coca Cola cites *Bellanger v. LaSalle Community Action*, 02-299 (La.App. 3 Cir. 10/2/02), 827 So.2d 599, for the proposition that the requirement for "acknowledgment" under La.R.S. 23:1272(A) is the same as that under La.R.S. 23:1272(B), which provides:

> When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers' compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers' compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.

However, La.R.S. 23:1272(B) expressly applies to settlements presented to the WCJ through a *petition*, not through recitation in open court. Further, while *Bellanger*, unlike the instant case, did contain a colloquy between the claimant and the WCJ, *Bellanger* dealt specifically with the issue of whether the WCJ's failure to expressly state that she approved the settlement recited in open court resulted in the settlement not being perfected and therefore final until she actually signed the judgment, thereby memorializing her approval. We concluded in *Bellanger*: "The colloquy, which we recited above, between Ms. Bellanger and the WCJ in the instant case, reveals that the judge followed this procedure and ascertained all of the pertinent information, which required the judge's approval and rendered the matter to be legally final. Thus, we find that the subsequent written judgment was simply a formality,

10

evidencing the already existing oral judgment, which the WCJ approved in open court after the settlement's recitation into the record. This oral judgment became final and nonappealable." *Id.* at 602. To the extent that *Bellanger* stands for the proposition that "acknowledgment" for purposes of La.R.S. 23:1272(A) is the same as that for La.R.S. 23:1272(B), we respectfully disagree.

Importantly, Mr. Trahan has not complained about the terms of the settlement and obviously acknowledged the settlement through his attorney. However, without determining whether for purposes of La.R.S. 23:1272(A) an attorney may acknowledge a settlement in the presence of his client on behalf of his client without further inquiry by the WCJ, we reject Coca Cola's attempt to break the settlement agreement by interposing *Mr. Trahan's* lack of personal acknowledgment as a defense. Such an attempt by Coca Cola exalts form over substance in this instance and allows a settlement that is obviously in the best interest of Mr. Trahan to be defeated on a mere technicality that has no impact on Coca Cola's understanding or acknowledgment of the settlement.

In any event, Coca Cola asserts that the failure to pay resulted from conditions over which it had no control. Where the "nonpayment results from conditions over which the employer had no control," the employer is not required to pay penalties and attorney fees. La.R.S. 23:1201(G). Coca Cola points out that, following the recitation of the settlement in open court, the WCJ stated that she would "sign off on documents once they're presented." Coca Cola asserts that its delay in authorizing the negotiation of the settlement check was due to its attempts to obtain Mr. Trahan's signature on settlement documents and Mr. Trahan's refusal to sign the receipt and release. Coca Cola cites in support of its position *Daniel v. Wal-Mart Stores, Inc.*, 36,451, 36,673 (La.App. 2 Cir. 12/11/02), 833 So.2d 1047, *writs denied*, 03-430, 03-

11

431 (La. 4/21/03), 841 So.2d 805, 806.

In *Daniel*, the WCJ approved certain settlements "but also required written documents to be filed within 30 days to 'maintain the record.'" *Id.* at 1051. The employer thereafter forwarded settlement papers but did not forward the funds. The WCJ assessed penalties and attorney fees under La.R.S. 23:1201(G). The employer appealed, arguing that "because the WCJ 'clearly contemplated' the need for settlement papers, there was ambiguity as to when payment was due, thus negating the imposition of penalties and attorney fees." *Id.* at 1049-50. The second circuit found that the WCJ's oral order at the conclusion of the recitation was "not sufficiently clear to warrant imposing penalties and attorney fees." *Id.* at 1051. It concluded: "While the compromise was final upon compliance with R.S. 23:1272 A, [the employer] was nevertheless under a court order to prepare a written judgment. This created some ambiguity as to whether the 30-day period of R.S. 23:1201 G was to begin running on [the date of the oral recitation] or when the written compromise was filed. Notably, [the employer] did present written compromises to [the employees] within the 30-day period provided by the WCJ." *Id.* (citation omitted).

We respectfully disagree with the holding in *Daniel*. As stated above, the settlement was a final, nonappealable judgment that was immediately enforceable. The WCJ stated that she "accept[ed] and approve[d] the settlement as presented." The fact that the WCJ also stated that she would "sign off on documents once they're presented" did not make the settlement unenforceable. Furthermore, Coca Cola could have obtained a court order to require compliance with the WCJ's order. Its nonpayment was not due to conditions beyond its control but due to its misunderstanding of the nature of its obligation.

Coca Cola also urges as error the WCJ's refusal to permit cross-examination of

Mr. Trahan, at the instant trial on the issue of penalties and attorney fees, regarding his objections to the language contained in the receipt and release. Having determined that authorization for the negotiation of the settlement check could not be conditioned upon the signing of a receipt and release, we reject this assignment of error as well.

Finally, Coca Cola contends that in the absence of an "award" of compensation, the trial court erred in granting Mr. Trahan's Motion and Order to File Judgment into the Mortgage Records of the District Court. Louisiana Revised Statutes 23:1201.3(A) provides in part: "If payment of compensation or an installment payment of compensation due under the terms of an award . . . is not made within ten days after the same is due by the employer or insurance carrier liable therefor, the workers' compensation judge may order a certified copy of the award to be filed in the office of the clerk of court of any parish, which award whether accumulative or lump sum, when recorded in the mortgage records, shall be a judicial mortgage as provided in Civil Code Article 3299." Coca Cola contends that there was no "award" of compensation in this case.

In *Trahan*, 720 So.2d 95, we found that the "consent judgment" was an "award" for purposes of La.R.S. 23:1201.3(A). Likewise, the settlement was an "award" for purposes of the statute, and the WCJ did not err in granting Mr. Trahan's motion to file the judgment into the mortgage records.

### *Mr. Trahan's Answer to the Appeal*

In his answer to Coca Cola's appeal, Mr. Trahan requests additional attorney fees for work done on appeal. We grant that request and award an additional $2,500.00 for work done on appeal.

### DISPOSITION

13

For the foregoing reasons, we affirm the judgment and order below and award additional attorney fees for work done on appeal in the amount of $2,500.00.  We assess costs of this appeal to Coca Cola Bottling Company United, Inc.

**AFFIRMED AND RENDERED.**