# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**05-1573**

CARLA SUE YOUNG

VERSUS

JACK IN THE BOX, INC., ET AL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 03
PARISH OF CALCASIEU, NO. 03-08650
HONORABLE CHARLOTTE BUSHNELL, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**REVERSED AND RENDERED.**

Steven Broussard
Broussard & Hart, L.L.C.
1301 Common Street
Lake Charles, LA 70601
(337) 439-2450
COUNSEL FOR PLAINTIFF/APPELLANT:
Carla Sue Young

Kirk L. Landry
Keogh, Cox & Wilson, Ltd.
P.O. Box 1151
Baton Rouge, LA 70821
(225) 383-3796
COUNSEL FOR DEFENDANT/APPELLEE:
Jack In The Box, Inc.

**COOKS, Judge.**

Carla Sue Young alleged she was injured on September 22, 2003 while engaged in the course and scope of her employment at a Jack in the Box restaurant in Sulphur, Louisiana. On December 1, 2003, Ms. Young filed a claim for past due workers' compensation benefits. On February 3, 2004, Ms. Young filed a Motion for Summary Judgment, which was granted on the issue of course and scope. A second Motion for Summary Judgment was filed on October 8, 2004. Shortly before a hearing was held, the parties reached a settlement on Ms. Young's claim for past due benefits.

Counsel for Ms. Young sent a signed letter reciting the settlement terms to defendant's counsel. A notation was made in the margin by the employer's counsel stating: "We do not agree to this, but should not be a problem." The notation was next to a penalty clause which set forth: "The payments are to be funded within 10 days. If payment is not made timely, there will be a $100 per day penalty."

According to counsel for Ms. Young, the attorneys discussed the penalty clause over the phone and agreed to change the terms. Counsel for the employer then faxed a second copy of the letter with an additional notation acknowledging the change. That notation stated: "As we discussed after Fax # 1, if not, will bear legal interest from that date." The employer's counsel signed his name below the notation.

The employer's counsel prepared several settlement packages for the workers' compensation judge (WCJ) which, according to Ms. Young, contained terms that were not agreed upon. Changes were made and unconditional payment was received on May 6, 2005. That date was ninety-five (95) days after the settlement agreement was signed. The payment tendered by the employer corresponded exactly to the settlement terms, including legal interest from February 10, 2005 as stipulated to by

the parties.

Because the payment was over thirty days late, Ms. Young sought penalties and attorney fees under La.R.S. 23:1201(G). The WCJ denied penalties, reasoning as follows:

> Mr. Broussard [counsel for Ms. Young] wrote a letter to Mr. Landry (counsel for the employer] outlining an agreement based upon their settlement discussions. Mr. Landry responded to that letter by indicating he did not agree to the penalty provision outlined in the letter. And while the dispute only appears to be a small point of contention, it was still a dispute. To accept this agreement would be to ignore the workmen's compensation settlement statute.
>    Based on the evidence presented, the court finds no binding enforceable settlement agreement in place on January 31st, 2005. Documentary evidence clearly shows that the parties did not agree to all points set forth by the letter.

Ms. Young appealed the judgment, asserting the workers' compensation judge erred in finding the January 31, 2005 settlement was not binding and enforceable.

## ANALYSIS

We must first decide whether the January 31, 2005 settlement, signed by both parties, was enforceable. When a settlement is for a lump sum to resolve all claims, a party's right to enforce the settlement agreement is dictated by La.R.S. 23:1271 and 1272.[1] *Trahan v. Coca Cola Bottling Co. United*, 04-100 (La. 3/2/05), 894 So.2d 1096.

However, as Ms. Young notes, the settlement in question here is for past due benefits and does not preclude her from receiving benefits in the future. In *Trahan*, 894 So.2d 1096, the Louisiana Supreme Court noted when a settlement does not

---

[1] La.R.S. 23:1272(A) provides:

A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding. The workers' compensation judge shall determine whether the employee or his dependent understands the terms and conditions of the proposed settlement.

forego future claims, La.Civ.Code art. 3071 directs whether a settlement is enforceable. The *Trahan* court stated:

> Utilizing Article 3071 in this case does not frustrate the stated policy that it is in the best interest of the injured worker to receive benefit payments on a periodic basis. Claimant in this case has merely agreed to compromise outstanding claims from the date of the agreement. He reserved his rights to all future compensation and may continue to receive weekly benefits. The safeguards provided by La.R.S. 23:1271 through 1274, which were designed to prevent an employee from being coerced due to the economic pressures on an injured worker to settle quickly, *Colbert [v. Louisiana State Univ. Dental Sch.]*, 446 So.2d [1204] at 1206 [La.1984], and to provide weekly benefits, rather than lump sum payments, sufficient to provide ongoing support for the injured worker, *Gauthier v. General Acc. Fire & Life Assur. Corp., Ltd.*, 573 So.2d 462, 465 (La.1991), are not immediately necessary where the claimant has reserved his rights to future benefits and is not agreeing to a full and final discharge and release of his employer from liability under the Act. Furthermore, there is no allegation or indication that claimant was coerced in any way by defendant to enter into the agreement or that the agreement was deceitful or unfair.

The settlement in question did not dispose of Ms. Young's right to future benefits; thus, under *Trahan*, La.Civ.Code art. 3071 controls whether the settlement is enforceable.

Louisiana Civil Code article 3071 provides:

> A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

> This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

After the initial disagreement concerning the penalty clause, the attorneys discussed their differences and agreed to change the terms. A second copy of the letter was faxed with an additional notation acknowledging the change. The

employer's counsel signed his name below the notation. This second copy of the letter was signed by the legal representatives of both parties on January 31, 2005 and evidences the parties intent to enter into a binding settlement. We find this letter constitutes a compromise which was sufficiently "reduced to writing," as defined by article 3071, and was made for the purpose of putting an end to pending claims. The WCJ erred in concluding that the January 31, 2005 agreement was not a binding enforceable settlement.

Having found the parties entered into a binding enforceable settlement, we must next determine whether the settlement constituted a "final, non-appealable judgment" such that penalties and attorney fees may be awarded pursuant to La.R.S. 23:1201(G). The court in *Trahan*, 894 So.2d at 1108-09, addressed a similar situation and concluded as follows:

> Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature, and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. *Williams v. Rush Masonry, Inc.*, 98-2271, pp. 8-9 (La. 6/29/99), 737 So.2d 41, 46. While the benefits conferred by the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. *Id.* at p. 9, 737 So.2d at 46. La.R.S. 23:1201(G) is a penal statute which must be strictly construed. *Smith v. Quarles Drilling Co.*, 04-0179, p. 7 (La. 10/29/04), 885 So.2d 562, 566.

> La.R.S. 23:1201(G) provides for penalties and attorney fees as follows:

> G. If any award payable under the terms of a final, non-appealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this

-4-

Subsection shall not exceed three thousand dollars in the aggregate.

Thus, if the compromise entered into by the parties on October 21, 2002, constitutes a "final, non-appealable judgment," then claimant is eligible for an award of penalties and attorney fees, unless defendant's failure to pay within thirty days resulted from conditions over which it had no control.

A compromise has the legal efficacy of a judgment that possesses "a force equal to the authority of things adjudged." La.C.C. art. 3078. *See also Ortego*, 96-1322 at p. 6, 689 So.2d at 1363; *Brown v. Drillers, Inc.*, 93-1019 at p. 5, 630 So.2d at 747. Additionally, "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in the judgment rendered against him." La. C.C.P. art.2085. Although the term "confession" is not defined by the Code of Civil Procedure, the jurisprudence has defined it as "an admission by a party, in pleadings or in evidence, of the validity of his opponent's claim in such a way as to leave no issue to be tried." La. C.C.P. art.2085 cmt. (c).

We find the compromise entered into by the parties constitutes a confession of judgment such that defendant was not entitled to an appeal. By agreeing to pay certain sums to claimant in exchange for ending the pending litigation and reciting the specific terms of the agreement in open court, defendant confessed judgment in the proceeding. Defendant's consent amounted to an admission of the validity of the claim against it. Because defendant confessed judgment, it could not appeal the compromise. We therefore conclude that the compromise entered into by the parties on October 21, 2002, included an award payable and constituted a final, non-appealable judgment for purposes of La.R.S. 23:1201(G).

Defendant failed to unconditionally tender payment in accordance with the compromise within thirty days. Defendant contends, however, that its nonpayment resulted from conditions over which it had no control because it considered the execution of a receipt and release a condition of the settlement and because the hearing officer contemplated submission of settlement documents. As explained above, there is no evidence that the parties intended the compromise to be conditioned on the execution of a receipt and release and defendant's assertions in this regard are untenable in light of the record. Claimant was well within his rights to refuse to sign the proposed receipt and release as such a document was not part of the compromise. Additionally, the compromise was established by law without the necessity of the hearing officer's signature on any "settlement documents." La. C.C. art. 3071 is clear that although the substance of the agreement may later be written in a more convenient form, the recitation in open court of the agreement confers upon the parties the right of judicial performance. Defendant's contention that its nonpayment of the award resulted from conditions

over which it had no control because the hearing officer stated that she would sign off on settlement documents once they were presented is without merit.

Because the compromise was a final, nonappealable judgment and defendant's failure to pay the award within thirty days after it became due did not result from conditions over which it had no control, the hearing officer did not err in awarding claimant penalties and attorney fees as provided by La.R.S. 23:1201(G).

The *Trahan* court held that enforceable compromises under La.Civ.Code art. 3071 are judgments for purposes of La.R.S. 23:1201(G). The court also held such a compromise is non-appealable under La.Code Civ.P. art. 2085, thus triggering the penalty provision of La.R.S. 23:1201(G).

The employer below argued the settlement was not recited in open court, but was a written agreement. We find this distinction irrelevant, as La.Civ.Code art. 3071 provides the same legal effect for written settlements and settlements recited in open court. We find nothing in *Trahan* to indicate any distinction between the two forms of compromise under article 3071.

La.R.S. 23:1201(G) provides for penalties and attorney fees when payment is over thirty days delinquent. Payment in this case was sixty-five days late. La.R.S. 23:1201(G) provides for "twenty-four percent [of the award] or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater." The article limits the maximum penalties available using the per day method to $300.00. However, calculating twenty-four percent of the award ($20,666.12), the amount of penalties due would be $4959.87. Since this is the greater amount, it is the appropriate award of penalties under La.R.S. 23:1201(G). Plaintiff requested $5,000.00 in attorney fees below, and additionally requests additional attorney fees for the work necessitated by this appeal. We find $7,500.00 is a reasonable amount of attorney fees in this matter.

**DECREE**

For the foregoing reasons, we reverse the OWC's judgment finding the settlement of January 31, 2005 was not enforceable. We find it was a valid enforceable compromise pursuant to La.Civ.Code art. 3071. We also find the settlement constituted a final, non-appealable judgment under La.R.S. 23:1201(G), and pursuant to that statute, we award penalties of $4,959.87 and attorney fees of $7,500.00. All costs of this appeal are assessed to defendant-appellee, Jack in the Box, Inc.

**REVERSED AND RENDERED.**