THIBODEAUX, Chief Judge,
concurring in part and dissenting in part.
hi agree with the majority’s treatment of the waiver argument and the nonpayment of the judgment for the alleged reason that it was beyond the employer’s control. I disagree, however, with their treatment of what constitutes a final and nonappealable judgment. I would, therefore, reverse and not award any penalties or fees.
I agree that a binding and enforceable compromise was reached under both Article 3071 of the Code of Civil Procedure and La.R.S. 23:1272(A) which governs compromises under workers’ compensation laws. The defendant does not and cannot dispute this fact and its settlement consequences. What is at issue is whether penalties and fees inure to the plaintiff as a result of a “final, nonappealable judgment ” which is not paid within thirty days after becoming due.
Louisiana Revised Statutes 23:1201(G) provides for penalties when the judgment has not been paid within thirty days of it being rendered. This article begins the thirty-day period from the time of a “final, nonappealable judgment.” The phrase, “final, nonappealable judgment” is not defined in the workers’ compensation statutes. When the issue is not addressed in the specific area of law as in workers’ compensation, the general codal provisions are used. Section 40:6601 of the Louisiana Administrative Code states, “[ujnless otherwise provided for in these rules, any practice or procedure not in conflict with either the Workers’ 12Compensation Act or these rules will be guided by practice and procedure provided for in the Louisiana Code of Civil Procedure.”
Article 911 of the Louisiana Code of Civil Procedure provides that a final judgment must be in writing and signed by the judge unless otherwise provided for by law. Louisiana Revised Statutes 23:1201(G) does specifically say a “final, nonappealable judgment ” and not an enforceable compromise as does La.R.S. 23:1272(A). In my view, since a final judgment has to be in writing and not simply recited in open court, as does a compromise, a written document has to be executed in order to effectuate the imposition of penalties.[1]
Moreover, the plaintiffs attorney himself requested a written judgment. When asked by defense counsel, “do you require a written judgment or will this suffice?”, the plaintiffs counsel answered, “I would like a written.” Thus, the written judgment which plaintiffs counsel requested and which was signed on September 11th, is the appropriate time by which to govern whether penalties and fees are due under Section 1201(G).
For the foregoing reasons, I respectfully dissent in part.

. I am cognizant of Trahan v. Coca Cola Bottling Co. United, Inc., 03-827 (La.App. 3 Cir. 12/10/03), 861 So.2d 783, a panel on which I sat. I now reject the views expressed and the conclusion reached therein.