STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1576


DR. JOE E. TURK

VERSUS

THE MOODY COMPANY AND
LIBERTY MUTUAL INSURANCE COMPANY


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DIST. 02
PARISH OF RAPIDES, NO. 07-01391
HONORABLE JAMES BRADDOCK,
WORKERS' COMPENSATION JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion,
Judges.


AFFIRMED.

R. Bray Williams
Williams Family Law Firm, L.L.C.
Post Office Box 15
Natchitoches, LA  71458-0015
(318) 352-6695
COUNSEL FOR PLAINTIFF/APPELLANT:
        Dr. Joe E. Turk

Michael E. Parker
Allen & Gooch
Post Office Drawer 81129
Lafayette, LA  70598-1129
(337) 291-1350
COUNSEL FOR DEFENDANTS/APPELLEES:

      **The Moody Company and Liberty Mutual Insurance Company**

**Edward Wicker, Jr.**
**Barrasso, Usdin, Kupperman, Freeman, & Sarver**
**909 Poydras Street, Suite 1800**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **The Moody Company and Liberty**
      **Mutual Insurance Company**

PETERS, J.

The plaintiff, Dr. Joe E. Turk, brought this action against The Moody Company (Moody) and its insurer, Liberty Mutual Insurance Company (Liberty Mutual), to collect the statutory penalties provided in La.R.S. 23:1201(G), for the failure of the defendants to pay a compromise agreement. He now appeals the trial court's rejection of his claims for relief. For the following reasons, we affirm the WCJ's judgment in all respects.

## DISCUSSION OF THE RECORD

This litigation arises from medical treatment administered by Dr. Turk to Myra Miller, one of Moody's employees. Dr. Turk treated the matter as a workers' compensation injury and billed Moody accordingly. Moody, through Liberty Mutual, paid Dr. Turk for his services, but at a lesser amount than that provided for in the La.R.S. 23:1034.2 reimbursement schedule. The basis of the lesser payment was Liberty Mutual's relationship with First Health Group Corporation (First Health) and another preferred provider organization (PPO). Liberty Mutual had entered into a three-way contract with the two PPOs wherein those individuals insured by Liberty Mutual were allowed access to the health care providers recognized as preferred providers by the two PPOs. This networking contract included workers' compensation patients. Dr. Turk was a preferred provider with First Health, and Liberty Mutual paid him according to the terms of the PPO agreement and not as mandated by La.R.S. 23:1034.2. When he did not receive the compensation as provided for by statute, Dr. Turk filed a disputed claim with the Office of Workers' Compensation seeking the difference between that which was allowed by statute and the amount paid, as well as an award of penalties and attorney fees for the late payment of his fee.

The matter never went to trial. After various procedural maneuvers, the parties agreed to compromise this matter. On May 22, 2008, the attorney for Dr. Turk advised the attorney for Moody and Liberty Mutual by letter that the doctor accepted their offer to settle the litigation for the sum of $12,000.00. On that same day, Dr. Turk's attorney advised the WCJ by letter that the matter had been settled and requested that the matter be removed from the pre-trial and trial docket. Thereafter, Moody and Liberty Mutual tendered a $12,000.00 check dated July 14, 2008, as payment in full of the compromise agreement. On July 22, 2008, Dr. Turk's attorney forwarded a motion and order of dismissal to the WCJ. The next day, July 23, 2008, the WCJ executed the submitted motion and order, the substance of which reads as follows:

> On Motion of all Plaintiffs and on suggesting to the Court that they desire an Order to fully dismiss the above-entitled and numbered cause against all parties, with prejudice, on the grounds that all issues have been compromised:
>
> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs' claims against all defendants be and are hereby finally dismissed with full prejudice.

However, this did not end the litigation.

On September 29, 2008, Dr. Turk filed a motion with the Office of Workers' Compensation seeking an award of penalties and attorney fees based on the defendants' failure to pay the compromise agreement within thirty days of its consummation, as required by La.R.S. 23:1201(G). He asserted in his motion that the thirty days began to run on or about May 22, 2008, when he advised the WCJ that the matter had been settled and requested that it be removed from the docket.

Following a hearing, the WCJ denied Dr. Turk's motion. He perfected this appeal, asserting five assignments of error:

2

1) The WCJ erred as a matter of law when he ruled that the compromise was not enforceable because it had not been transcribed on the record.

2) The WCJ erred as a matter of law when he ruled that the compromise between a health care provider and the employer and its workers' compensation insurer had to be presented to the workers' compensation court before it could be enforceable.

3) The WCJ erred as a matter of law when it took judicial notice that in other matters it received letters from counsel that a case was settled only to learn later that it had not settled.

4) The WCJ erred in finding insufficient evidence of an enforceable compromise based on the letters and documents introduced.

5) The WCJ erred when it failed to award penalties and attorney fees based on Moody's failure to pay the compromise within thirty days of the compromise agreement.

**OPINION**

In considering the application of the Louisiana Workers' Compensation Law to a given factual situation, we normally think in terms of employer/employee disputes. With regard to the settlement procedure for employee claims for workers' compensation benefits, La.R.S. 23:1272(A) requires approval of a lump sum payment or compromise by the WCJ "through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding." Once approval is obtained through this procedure and the judgment becomes "a final, nonappealable judgment," the employer/insurer must comply with the terms of the compromise judgment or be assessed with penalties and attorney fees. The failure to pay pursuant to the terms of "a final, nonappealable judgment" within thirty days after it becomes due will result in a party being assessed with penalties and attorney fees. La.R.S. 23:1201(G).

3

That same settlement process is made applicable to certain non-employer/employee disputes as well. Louisiana Revised Statutes 23:1034 provides a venue for resolution of Dr. Turk's dispute with Moody and Liberty Mutual, and La.R.S. 23:1034(F)(1) provides that "[s]hould a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, either party may submit the dispute to the office in the same manner and *subject to the same procedures* as established for dispute resolution of claims for workers' compensation benefits." (Emphasis added.) Thus, based on the language of La.R.S. 23:1034.2(F)(1), to effect a compromise that will be subject to the penalty provisions of La.R.S. 23:1201(G), Dr. Turk was required to comply with the provisions of La.R.S. 23:1272(A). He did not so comply.

Dr. Turk claims, nonetheless, that his compromise with Moody is enforceable under the general rules of compromise, as found in the Louisiana Civil Code, even if he did not comply with the provisions of La.R.S. 23:1272(A). We disagree.

In disagreeing, we do acknowledge that La.Civ.Code art. 3072 provides that a compromise can be consummated by either a writing or by recital in open court, and in this case there does exist written evidence of the compromise agreement. We also recognize that in certain workers' compensation cases, courts have held that the civil code provisions do apply in place of those provided specifically by the Workers' Compensation Act. However, these exceptions generally relate to agreements sought to be enforced that are not lump sum compromise agreements obtained in exchange for a full and final discharge and release of the employer's liability. *Trahan v. Coca Cola Bottling Co. United*, 04-100 (La. 3/2/05), 894 So.2d 1096; *Young v. Jack in the*

4

*Box, Inc.*, 05-1573 (La.App. 3 Cir. 5/3/06), 929 So.2d 855, *writ denied*, 06-1357 (La. 9/22/06), 937 So.2d 390.

In the matter now before us, the compromise at issue represents a full and final discharge of the defendants' liability toward Dr. Turk. In seeking reversal of the WCJ's decision, Dr. Turk asks us to apply the penalty provisions of La.R.S. 23:1201(G) in his favor, but to ignore the procedural steps required by La.R.S. 23:1272(A) which triggers the right to the penalties provided. We decline to do so. Given the analysis set forth herein, we conclude that the WCJ correctly held that the compromise reached between Dr. Turk and the defendants was not enforceable because it was not presented to him in compliance with La.R.S. 23:1272(A). The record contains no petition signed and verified by all of the parties, listing the terms of the compromise, nor does it contain a transcript of a proceeding whereby the parties recited and acknowledged their agreement with the terms of such a compromise. Accordingly, the judgment of the WCJ denying Dr. Turk's request for penalties and attorney fees is affirmed.

Based on the failure of the parties to comply with La.R.S. 23:1272, we need not address Dr. Turk's argument that the WCJ erred in taking judicial notice of letters outside of this matter.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the workers' compensation judge in all respects. We assess all costs of this appeal to Dr. Joe E. Turk.

**AFFIRMED.**

5